UNITED STATES of America, Plaintiffs,

v.

COUNTY OF NASSAU,
et al., Defendants.

No. CV 99–3334(ADS).

United States District Court,
E.D. New York.

Sept. 23, 1999.

188

Sanford M. Cohen, Assistant U.S. Attorney, for Loretta E. Lynch, United States Attorney, Eastern District of New York, Brooklyn, New York, for plaintiff, United States of America.

Dolores Fredrich, Farrell Fritz, P.C., Uniondale, New York, for defendant, County of Nassau.

### ORDER

BOYLE, United States Magistrate Judge.

■ The burden is on the moving party to establish "good cause" for the issuance of a protective order under Rule 26(c) of the Federal Rules of Civil Procedure. In this case, the defendant, County of Nassau, requests a stay of discovery, pending the outcome of a motion to dismiss, pursuant to Rule 12(b)(1), Fed.R.Civ.P. The motion, if successful, would be dispositive of the entire action and is predicated on the Tax Injunction Act ("TIA"), 28 U.S.C. § 1341, which, in relevant part, states that:

> The district court shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State. *Id.*

The United States brings this action under the Fair Housing Act of 1968, as amended, 42 U.S.C. § 3601 *et seq.*, against the County of Nassau and the Nassau County Board of Assessors, seeking "to redress the residential property tax assessment and collection system" which discriminates based on race and national origin in that "residential properties in predominantly African American and Latino communities are assessed at higher rates than residential properties" in predominantly white communities. *Complaint* at ¶ 1.

The United States does not dispute that there is a "plain, speedy and efficient remedy" available in the State court. Moreover, it is undisputed that a similar litigation commenced by private parties represented by the New York Civil Liberties Union is presently pending in the State court. *Coleman v. Seldin,* Index No. 97–030380 (Sup.Ct., Nassau County) (Winslow, *J.*). The government does not claim any pecuniary interest of the United States, nor is any of its instrumentalities involved in this action. Rather, the government maintains it has a strong sovereign interest in securing and enforcing the national policy against racial discrimination in housing secured by the Fair Housing Act. *Memorandum of Law of the United States in Opposition to Motion to Dismiss the Complaint,* at 20–25. While opposing Nassau County's issuance of a stay of discovery, the government acknowledges that the precise issue raised in the dispositive motion has never been addressed, and argues that dismissal "is far from 'inevitable.'" *Letter opposition of Sanford M. Cohen, Esq.,* dated September 16, 1999 at 2.

■ The court is in agreement with the government's argument that the mere filing of a dispositive motion—even one attacking the jurisdiction of the district court—does not warrant the issuance of a stay under Rule 26(c). There must be more.

■ I find that Nassau County has made an adequate showing of good cause to support the issuance of a stay. First, the issue raised is strictly one of law and does not involve issues relating to the "sufficiency" of the allegations. *See Hachette Distribution v. Hudson County News Company, Inc.,* 136 F.R.D. 356, 358 (E.D.N.Y.1991) (Spatt, *J.*). Secondly, the motion, if successful, is dispositive of the entire action. *See Rivera v. Heyman,* 96 CV 4489, U.S.Dist. LEXIS 2003, at *3 (S.D.N.Y. February 27, 1997). Thirdly, while not expressing any opinion as to the outcome of the motion to dismiss, I believe that it raises a substantial issue that may be dispositive of the entire action. Fourth, the issue is one that in all likelihood cannot be cured by an amended pleading. In this regard, I further note that in its opposition papers, the government has not sought leave to replead in the event that the motion is granted. Fifth, there is no showing—or even a claim—of any prejudice by the government in the event that the court were to stay discovery. In this regard, Nassau County has stated that notwithstanding a stay of discovery, it will continue to make any public document available to the government at its request.

Lastly, while the government argues that Nassau County has failed to make any showing of prejudice in the event that discovery is not stayed, it is self-evident that the cost of discovery, coupled with the diversion of employees' time and attention from municipal business to focus on the retrieval of discovery and to otherwise assist in the pursuit of this litigation, would be an unnecessary expense in the event that Nassau County's motion to dismiss is ultimately granted. The interests of fairness, economy and efficiency therefore favor the issuance of a stay of discovery at this time.

The dispositive motion is scheduled for argument before Judge Spatt on October 29, 1999. The parties are directed to appear before me as a "walk-in" immediately following the oral argument on that date.

Nassau County's motion for a stay of discovery is granted, pending the outcome of its dispositive motion or until the next scheduled conference (December 1, 1999 at 9:30 a.m.), whichever is sooner. In addition, the court stays any initial disclosure and the filing of a joint proposed discovery plan, under Rule 26(a)(1) and (f), Fed.R.Civ.P.

SO ORDERED: