**HACHETTE DISTRIBUTION, INC., For Itself and as Assignee of Imperial News Co., Inc., Curtis Circulation Company and Eastern Lobby Shops Ltd. Partnership, Plaintiffs,**

v.

**HUDSON COUNTY NEWS COMPANY, INC., Robert B. Cohen, Magazine Distributors, Inc., James J. Onorato, Sr., James V. Onorato, Jr., Time Distribution Services and Warner Publisher Services, Inc., Defendants.**

No. CV–91–0373 (ADS).

United States District Court, E.D. New York.

May 17, 1991.

Jones, Day, Reavis & Pogue, New York City, for plaintiffs; Charles M. Trippe, Jr., of counsel.

Dewey Ballantine, New York City, for defendants Hudson County News Co., Inc., Robert B. Cohen, Magazine Distributors, Inc., James J. Onorato, Sr. and James V. Onorato, Jr.; J. Paul McGrath and Jill D. Mohr, of counsel.

## MEMORANDUM DECISION AND ORDER

SPATT, District Judge.

At a time when Congress considered the passage of a civil "speedy trial" act which would require the disposition of civil actions to be accelerated, several of the defendants in this apparently complex antitrust action seek to stay all discovery pending a disposition on their motion to dismiss and for summary judgment. For the reasons that follow, the motion for a stay is denied.

### I.

Plaintiff Hachette Distribution, Inc. ("Hachette"), is a multinational publishing giant and owner of the plaintiff Curtis Circulation Co. ("Curtis"). Curtis is a national distributor of periodicals. Hachette is also the owner of a substantial portion of the plaintiff Eastern Lobby Shops Ltd. Partnership, a magazine retailer.

The defendants are two national magazine distributors, Warner Publisher Services, Inc. ("Warner") and Time Distribution Services ("Time"), and several periodical wholesalers, namely, Hudson County News Company, Inc., Robert B. Cohen, Magazine Distributors, Inc., James J. Onorato, Sr. and James V. Onorato, Jr. (collectively "the Wholesaler Defendants").

This antitrust action arises out of the termination of the Imperial News Co., Inc. ("Imperial"), formerly a wholesaler of periodicals in the New York metropolitan area, principally the Long Island region. Hachette owned a majority of Imperial's shares of stock. The plaintiffs essentially allege that the defendants unlawfully acted in concert to force Imperial out of business and exercise a monopoly over the wholesale magazine/periodical distribution business in the New York metropolitan area. The *ad damnum* clause of the complaint seeks damages in excess of $50 million.

This action was commenced by the filing of the complaint on February 1, 1991. Thereafter, the defendants Warner and Time answered the complaint, interposing several affirmative defenses, but no counterclaims or cross-claims. Rather than answer, on April 17, 1991, the Wholesaler Defendants moved to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(6) and for summary judgment pursuant to Fed.R. Civ.P. 56(b). Those motions are presently pending, but are not yet fully submitted. In the interim, the Wholesaler Defendants now move for a protective order pursuant to Fed.R.Civ.P. 26(c), staying all discovery as to them pending a disposition on their motions.

### II.

Rule 26(c) of the Federal Rules of Civil Procedure, provides in relevant part, that,

> "[u]pon motion by a party or by the person from whom discovery is sought, and for good cause shown, the court in which the action is pending ... may make any order which justice requires to protect a party or person from ... undue burden or expense, including ... that the discovery may be had only on specified terms and conditions, including a designation of the time or place."

Rule 26(c), like each of the Federal Rules of Civil Procedure, is to "be construed to secure the just, speedy, and inexpensive determination of every action" (Fed.R. Civ.P. 1; *cf.* Rule 50.6 of the Guidelines for the Division of Business Among the District Judges of the Eastern District of New York ["Each judge shall dispose of cases assigned to him or her as required by law and the efficient administration of justice"]). This rule implements the inherent power of the courts "to exercise appropriate control over the discovery process" (*Herbert v. Lando,* 441 U.S. 153, 177 [99 S.Ct. 1635, 1649, 60 L.Ed.2d 115 1979]).

■ Although not expressly authorized by statute or rule (*cf.* N.Y.Civ.Prac.L. & R. 3214[b] [discovery automatically stayed pending motion to dismiss]), the federal district courts have discretion to impose a stay of discovery pending the determination of dispositive motions by the issuance of a protective order (*see, e.g., Transunion Corp. v. PepsiCo, Inc.,* 811 F.2d 127, 130 [2d Cir.1987] [protective order preventing discovery pending determination on motion to dismiss for *forum non conveniens*]; *Temple of the Lost Sheep, Inc. v. Abrams,* No. CV–88–3675, slip op. [E.D.N.Y. Sept. 25, 1990] [1990 WL 156139, 1990 U.S. Dist. LEXIS 13699] [stay of discovery granted pending motion to dismiss and for abstention], *aff'd on other grounds,* 930 F.2d 178 [2d Cir.1991]; *accord Petrus v. Bowen,* 833 F.2d 581, 583 [5th Cir.1987] ["trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined"]; *cf. Landis v. North Am. Co.,* 299 U.S. 248, 254, 57 S.Ct. 163, 165, 81 L.Ed. 153 [1936] [courts have inherent power to stay actions in their entirety]; *O'Brien v. Avco Corp.,* 309 F.Supp. 703, 705 [S.D.N.Y. 1970] [in context of motion to stay discovery pending appeal, since "the determination of a preliminary question may dispose of the entire suit, applications for discovery may properly be deferred until the determination of such questions"]).

■ Discovery should be stayed, however, only when there are no factual issues in need of further immediate exploration, and the issues before the Court are purely questions of law that are potentially dispositive (*see, e.g., F.H. Krear & Co. v. 19 Named Trustees,* 91 F.R.D. 497, 498 [S.D. N.Y.1981]; *Technograph, Inc. v. Texas Instruments Inc.,* 43 F.R.D. 416, 417 [S.D.N. Y.1967]; *see also Jarvis v. Regan,* 833 F.2d 149, 155 [9th Cir.1987]; *Florsheim Shoe Co. v. United States,* 744 F.2d 787, 797 [Fed.Cir.1984]; *see generally* 4 J. Moore, J. Lucas & G. Grotheer, *Moore's Federal Practice* ¶ 26.70[2], at p. 26–461 [2d ed. 1989]), such as where a challenge is directed to the Court's jurisdiction (*see, e.g., Lama Holding Co. v. Shearman & Sterling,* 89 Civ. 3639, slip op., 1991 WL 115052 [S.D.N.Y. Mar. 12, 1991] [1991 U.S. Dist. LEXIS 2876]; *see also* 7 J. Palmer, *Cyclopedia of Federal Procedure* § 25.86a [3d ed. 1986] [requests for discovery "properly deferred" until determination on jurisdictional issue]).

■ In considering whether a stay of all discovery pending the outcome of a dispositive motion is warranted, a case-by-case analysis is required, since such an inquiry is necessarily fact-specific and depends on the particular circumstances and posture of each case. To assist in this determination, the Court is guided by the following factors, none of which is singly dispositive: the type of motion and whether it is a challenge as a "matter of law" or to the "sufficiency" of the allegations; the nature and complexity of the action; whether counterclaims and/or cross-claims have been interposed; whether some or all of the defendants join in the request for a stay; the posture or stage of the litigation; the expected extent of discovery in light of the number of parties and complexity of the issues in the case; and any other relevant circumstances.

With these principles in mind, the Court considers the circumstances concerning the motion by the Wholesaler Defendants for a stay.

### III.

■ In urging a stay, the Wholesaler Defendants contend that since their motion is potentially dispositive, a protective order staying all discovery is warranted. Specifically, these defendants maintain that a protective order should be issued preventing the plaintiffs from obtaining allegedly voluminous discovery by way of interrogatories and requests for the production of documents, which have already been served. The plaintiffs strenuously oppose this application, and both defendants Warner and Time apparently take no position.

At the outset, the Court notes that the defendants Warner and Time do not seek a stay of discovery at this time and are presently engaged in discovery. Warner and Time have not made dispositive motions.

Accordingly, even if the Wholesaler Defendants' motion is granted, it would not result in the termination of this action. This is significant since discovery will proceed in the case whether or not the Wholesaler Defendants' motion is granted. If the Wholesaler Defendants' motion is granted and the action is dismissed as against these defendants, the plaintiffs, and perhaps the remaining defendants as well, are likely to continue to conduct discovery with respect to the Wholesalers as non-parties. Although neither Warner nor Time interposed cross-claims against the Wholesaler Defendants, these defendants are, at the very least, material witnesses in this litigation based on the allegations of the complaint. In sum, discovery of the Wholesalers is inevitable, whether or not they remain in the case as parties.

Staying discovery as to the Wholesaler Defendants might also unnecessarily lead to duplicative document production and depositions. In this regard, it is unclear from the Wholesaler Defendants' papers as to their position on whether they will be bound by the ongoing discovery between the plaintiffs, and defendants Warner and Time.

As to the posture of this lawsuit, the plaintiffs have already responded to interrogatories served by the defendants Time and Warner. Outstanding requests for the production of documents exist, as well as the depositions of four witnesses which have been noticed. As recent as this lawsuit is, it is being actively litigated and, with the exception of the Wholesaler Defendants, discovery is being expeditiously pursued.

In sum, under the totality of circumstances presented here, a stay of all discovery as to the Wholesaler Defendants would effectively impede the just and speedy administration of the progress of this lawsuit. Merely because these defendants filed an early dispositive motion does not in and of itself give rise to justification to warrant a stay. Accordingly, in the exercise of this Court's discretion, the application for a stay of discovery is denied.

IV.

For the reasons stated above, the motion of the Wholesaler Defendants to stay discovery is denied.

SO ORDERED.