**Loren ELLIS, Plaintiff,**

v.

**FORTUNE SEAS, LTD. and Sharon Lake, Defendants.**

**No. IP97–0554–C H/G.**

United States District Court, S.D. Indiana, Indianapolis Division.

Aug. 18, 1997.

---

Edward W. Harris, III, Edwin J. Broecker, Sommer & Barnard, Indianapolis, IN, for plaintiff.

Mary L. Titsworth, Caroline L. Young, Wooden McLaughlin & Sterner, Indianapolis, IN, for defendants.

## ENTRY ON PLAINTIFF'S MOTION TO COMPEL DISCOVERY

HAMILTON, District Judge.

In a diversity case based on an alleged contract, a nonresident defendant with no apparent contacts with the forum state moves to dismiss for lack of personal jurisdiction. To what extent must the non-resident defendant submit to discovery requests that search for a contact with the forum state? Similar problems have troubled courts in a number of published opinions. In this case for breach of contract, plaintiff has failed to come forward with a colorable basis for this court to exercise jurisdiction over the person of defendant Sharon Lake. The court therefore denies plaintiff's motion to compel defendant Lake to respond to further discovery requests in a search for relevant contacts with Indiana.

### Discussion

Plaintiff Loren Ellis has sued defendants Sharon Lake and Fortune Seas, Ltd. for $300,000 for breach of contract. Plaintiff has invoked this court's diversity jurisdiction. The amended complaint alleges that plaintiff Ellis is a resident of Indiana, that defendant Lake is a resident of Massachusetts, and that defendant Fortune Seas, a fish broker, is a Massachusetts corporation with its principal place of business in Massachusetts. Amended Cplt. ¶¶ 1–3.[1] Ellis alleges that on May 15, 1989, he mortgaged two farms that he owned in Indiana to borrow $300,000 to provide a much-needed cash infusion to Fortune Seas. At that time, the president of Fortune Seas was Berch Lake, the late husband of defendant Sharon Lake. Ellis alleges that his bank in Indiana transmitted the borrowed funds directly to Oceana, a Canadian entity controlled by Fortune Seas and Berch Lake.

---

1. Although the allegations are in terms of residence rather than citizenship, the court will assume for present purposes that residence reflects citizenship in this case.

Amended Cplt. ¶¶ 5–6. Ellis alleges that Fortune Seas promised to remit to Ellis sufficient funds to repay the $300,000 loan. Ellis also alleges that Berch Lake personally guaranteed the promised repayment, later promised to maintain life insurance on his life with benefits sufficient to repay Ellis, and told him that Sharon Lake also personally guaranteed repayment. Amended Cplt. ¶¶ 6, 8. Ellis seeks to recover from Mrs. Lake and/or Fortune Seas the $300,000 that he transferred to Oceana.

Under Fed.R.Civ.P. 12(b)(2), both defendants have moved to dismiss the case for lack of personal jurisdiction because they have insufficient contacts with the State of Indiana to warrant application of the Indiana long arm statute. Defendants filed with their motion affidavits from Sharon Lake and Roland Hadley, comptroller of Fortune Seas. Through the affidavits, both Mrs. Lake and Fortune Seas deny that they conduct business or own property in Indiana, or have any other relevant ties to the State of Indiana. On June 30, 1997, plaintiff responded to Fortune Seas' motion to dismiss, but his response to Mrs. Lake's motion was delayed. On July 23, 1997, the court granted the parties' stipulated motion to stay briefing and decision on defendants' motion to dismiss to allow the parties to conduct discovery relevant to defendants' motion to dismiss. Some discovery has been completed.

Now pending and ripe for decision is plaintiffs motion to compel defendant Sharon Lake to respond to his first request for production of documents. After the motion to compel was filed, the parties resolved their differences on five of the six document requests. Def. Br. Ex. A, Pl. Reply Br. at 1. The only remaining dispute centers on plaintiff's request number 6:

All documents relating to the estate of Berch Lake, the assets of that estate, the distribution of that estate, or the amount or distribution of any insurance policies or proceeds on the life of Berch Lake.

Motion to Compel, Ex. A at 3. Until his death on December 28, 1994, Berch Lake was the majority shareholder and chairman of defendant Fortune Seas, Ltd. Plaintiff claims that the documents sought would establish the requisite minimum contacts for personal jurisdiction between Sharon Lake and the State of Indiana.

Defendant Sharon Lake has refused to provide the requested documents. She objects that the material requested is irrelevant, the request is overbroad, and the request is not reasonably calculated to lead to the discovery of admissible evidence. Motion to Compel, Ex. B at 2. She also argues that Ellis has failed to adequately explain how any information contained in the requested documents could tie her to Indiana, and that production of these documents would constitute an unwarranted intrusion into her privacy.

Federal Rule of Civil Procedure 26(b)(1) provides that parties may obtain discovery regarding any non-privileged matter that is relevant to the subject matter involved in the action. The standard of relevance is broad in discovery. "The information sought need not be admissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b)(1). However, like all of the Federal Rules of Civil Procedure, the discovery provisions "are subject to the injunction of Rule 1 that they 'be construed to secure the just, *speedy,* and *inexpensive* determination of every action.'" *Herbert v. Lando,* 441 U.S. 153, 177, 99 S.Ct. 1635, 1649, 60 L.Ed.2d 115 (1979), quoting Fed.R.Civ.P. 1. In addition, as amended in 1993, Rule 26(b)(2)(iii) authorizes district courts to limit discovery where "the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues." This language was added in 1993 for the express purpose of enabling courts to keep "tighter rein" on discovery. Fed. R.Civ.P. 26 advisory committee's note (1993).

Plaintiff argues that he needs access to the life insurance and estate documents to "explore" Mrs. Lake's contacts with Indiana. He also asserts that it is "unconscionable" for Mrs. Lake to seek dismissal of this lawsuit on personal jurisdiction grounds while object-

ing to discovery requests that attempt to explore those contacts. These arguments have considerably less force in the context of a personal jurisdiction issue arising from an alleged contract than they might have in other contexts.

■ The fundamental idea supporting the due process requirement of minimum contacts with a forum is that it is not fair—that it offends "traditional notions of fair play and substantial justice"—to subject a party to the binding judgments and coercive powers of a court if that party does not have sufficient minimum contacts with the jurisdiction to give fair warning that the party is subject to its power. See *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945); accord, *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 471–72, 105 S.Ct. 2174, 2181–82, 85 L.Ed.2d 528 (1985). This requirement is a restriction on judicial power in order to protect individual liberty under the Due Process Clauses of the Fourteenth Amendment. See *Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee,* 456 U.S. 694, 702, 102 S.Ct. 2099, 2104, 72 L.Ed.2d 492 (1982). This concept of fairness recognizes both the practical expenses and burdens of subjecting a party to a lawsuit in a distant court and the sometimes substantial differences among the laws of the several states.

■ When a person receives a complaint and summons from a court in another jurisdiction and believes she is not subject to that court's jurisdiction, she has several alternatives available to her. First, she may ignore the complaint and summons and then, if a default judgment is issued against her, may challenge the issuing court's jurisdiction in a collateral proceeding (presumably closer to home or other assets) when the plaintiff seeks to enforce the judgment. Second, she may voluntarily waive any lack of personal jurisdiction and submit to the distant court's jurisdiction. Third, she may appear in the distant court to assert the lack of personal jurisdiction. By taking this third route, as Mrs. Lake has done here, the defendant submits herself to the jurisdiction and power of the court for the limited purpose of deciding the jurisdictional issue. That court's decision on the jurisdictional issue will be *res judicata* in future proceedings to enforce a judgment. *Insurance Corp. of Ireland,* 456 U.S. at 706, 102 S.Ct. at 2106. On this third route, the defendant also submits to the procedures of the distant court, including discovery, for orderly resolution of the jurisdictional issue. *Id.* at 706–09, 102 S.Ct. at 2106–08 (affirming district court's decision to find personal jurisdiction over defendant as sanction for refusal to comply with discovery order concerning jurisdictional facts).

■ It is well established that a federal district court has the power to require a defendant to respond to discovery requests relevant to his or her motion to dismiss for lack of personal jurisdiction. That much is evident in *Insurance Corp. of Ireland,* and the circuit courts have frequently made the point. *E.g., Renner v. Lanard Toys Ltd.,* 33 F.3d 277, 283 (3d Cir.1994) (where facts relevant to jurisdiction were ambiguous, district court erred in denying discovery); *Edmond v. United States Postal Service General Counsel,* 949 F.2d 415, 425 (D.C.Cir.1991) (district court erred in limiting jurisdictional discovery where plaintiffs made specific allegations of conspiracy to support personal jurisdiction); *Theunissen v. Matthews,* 935 F.2d 1454, 1465 (6th Cir.1991) (court may permit discovery in aid of deciding Rule 12(b)(2) motion, and scope of such discovery is committed to district court's sound discretion); *Butcher's Union Local No. 498 v. SDC Investment, Inc.,* 788 F.2d 535, 540 (9th Cir. 1986) (discovery should ordinarily be granted where pertinent jurisdictional facts are disputed, but district court has discretion to control scope of discovery); *Wyatt v. Kaplan,* 686 F.2d 276, 283 (5th Cir.1982); *Fraley v. Chesapeake & Ohio Ry. Co.,* 397 F.2d 1, 3–4 (3d Cir.1968) (district court erred by refusing to require defendant to answer interrogatories to explain ambiguous assertions in its affidavits about scope of business activities within jurisdiction); *Surpitski v. Hughes–Keenan Corp.,* 362 F.2d 254, 255–56 (1st Cir. 1966) (where plaintiff was "total stranger" to defendant, district court erred in dismissing for lack of personal jurisdiction without giving plaintiff opportunity for discovery).

However, a plaintiff is not always entitled to discovery to respond to a motion to dismiss for lack of personal jurisdiction. Using their power to control discovery, courts should take care to ensure that litigation of the jurisdictional issue does not undermine the purposes of personal jurisdiction law in the first place. Where a plaintiff wants to subject a distant defendant to discovery in order to determine whether sufficient contacts support jurisdiction, it is reasonable for a court exercising its power under Rule 26(b)(2) to expect the plaintiff to show a colorable basis for jurisdiction before subjecting the defendant to intrusive and burdensome discovery in that distant forum. In cases based on alleged contracts between the parties, it would be an unusual case where the plaintiff should need discovery to show specific jurisdiction linking the defendant and the controversy to the forum.

In many cases courts have properly limited or denied discovery on jurisdictional issues where the plaintiff failed to make some threshold showing—sometimes called a *"prima facie"* showing, other times called a "colorable" showing—of a plausible basis for exercising jurisdiction over the defendant. See *Naartex Consulting Corp. v. Watt,* 722 F.2d 779, 788 (D.C.Cir.1983) (upholding denial of discovery on personal jurisdiction issues where the pleadings contained no specific facts that could establish the requisite contacts with the jurisdiction); *McLaughlin v. McPhail,* 707 F.2d 800, 806–07 (4th Cir.1983) (upholding denial of discovery on personal jurisdiction where plaintiff offered only bare allegations of "significant contacts" with forum); *Greenspun v. Del E. Webb Corp.,* 634 F.2d 1204, 1208 n. 5 (9th Cir.1980) (upholding denial of discovery on jurisdictional facts); *Lehigh Valley Indus., Inc. v. Birenbaum,* 527 F.2d 87, 93–94 (2d Cir.1975) ("bland assertion" of conspiracy involving distant defendant was insufficient to justify discovery on jurisdictional issues); *Hansen v. Neumueller GmbH,* 163 F.R.D. 471, 474–76 (D.Del.1995) (plaintiff failed to come forward with evidence sufficient to justify discovery on personal jurisdiction issues) [2]; *Rose v. Granite City Police Dep't,* 813 F.Supp. 319, 321 (E.D.Pa.1993) (plaintiff failed to make threshold showing of personal jurisdiction sufficient to justify discovery); *Volkswagen De Mexico, S.A. v. Germanischer Lloyd,* 768 F.Supp. 1023, 1028 (S.D.N.Y.1991) (denying discovery on jurisdictional facts where plaintiff failed to make *prima facie* showing of basis for personal jurisdiction over two defendants); *Rich v. KIS California, Inc.,* 121 F.R.D. 254, 259 (M.D.N.C.1988) (denying discovery against defendant where plaintiff's claim of jurisdiction was both attenuated and based on unsupported allegations); *Poe v. Babcock International, plc,* 662 F.Supp. 4, 7 (M.D.Pa.1985) (plaintiff failed to come forward with any evidence sufficient to support allegations of jurisdiction based on corporate "alter ego" theory, so discovery was not warranted); *Leema Enterprises, Inc. v. Willi,* 575 F.Supp. 1533, 1536 (S.D.N.Y.1983) (denying discovery on jurisdictional facts where plaintiff provided only "mere speculation" as to basis for personal jurisdiction). Requiring a threshold showing of a colorable basis for exercising jurisdiction is consistent with both the purpose of the due process requirement of minimum contacts and the district court's obligation to control discovery under Rule 26(b)(2).[3]

---

**2.** *Hansen* was a product liability case brought by a man allegedly injured by a defective machine owned by his employer. The court did permit plaintiff to conduct depositions of the employer (who had the same lawyer as the defendant manufacturer) limited to the issue of personal jurisdiction. 163 F.R.D. at 477. That result was appropriate because the injured plaintiff had been a "stranger" to the defendant corporation, and because his employer's choice of counsel blocked any informal mechanisms for finding even preliminary evidence to support the exercise of personal jurisdiction over the manufacturer. That reasoning does not apply here, where plaintiff is bringing a breach of contract action based on alleged prior dealings with which he should be personally familiar.

**3.** The fact that this lawsuit arises from a contractual relationship plays an important part in the court's decision here. As the First Circuit pointed out in an often-quoted opinion on this subject: "A plaintiff who is a total stranger to a corporation should not be required, unless he has been undiligent, to try such an issue [of personal jurisdiction] on affidavits without the benefit of full discovery." *Surpitski,* 362 F.2d at 255. In that case, as in many others allowing discovery on personal jurisdiction issues, the plaintiff had been injured by equipment that he operated on

At this point, plaintiff Ellis has shown no colorable basis for subjecting Mrs. Lake to litigation in Indiana, nor is there any material factual ambiguity in the record that requires clarification through discovery. Although Mrs. Lake's late husband might have had sufficient contacts with Indiana, that does not mean that she does. Personal jurisdiction is, after all, specific to the person. The fact that Mrs. Lake is the principal beneficiary of her husband's estate does not subject her to litigation in any forum with which he might have had sufficient contacts.[4] Similarly, plaintiff's assertion that the late Mr. Lake orally assured him that Mrs. Lake personally guaranteed repayment of plaintiff's loan to Oceana is a non-starter both under the Statute of Frauds and as to personal jurisdiction over Mrs. Lake. The fact that Mrs. Lake is the majority shareholder in Fortune Seas also does nothing to support personal jurisdiction here. A shareholder does not subject herself to litigation personally in states with which the corporation may have sufficient contacts. Plaintiff's claim that Mr. Lake promised that unspecified life insurance proceeds would be available to repay plaintiff is similarly insufficient to establish any contacts that Mrs. Lake might have deliberately established with this forum.

Finally, the absence of a colorable basis for personal jurisdiction coincides here with a discovery request that seeks private information. Document request number 6 seeks a wide range of confidential and personal financial information about defendant Sharon Lake and her late husband. The private nature of the information sought here renders the request burdensome. Such an invasion of privacy might be warranted under many circumstances. In this case, however, plaintiff has not made a colorable showing that the documents sought might reasonably be expected to establish that Sharon Lake has sufficient contacts with Indiana to justify an exercise of personal jurisdiction in this forum in this case. Without such a showing,

defendant Lake should not be subjected to discovery processes of this court. The court therefore exercises its power under Rule 26(b)(2) to prohibit the requested discovery as unduly burdensome in view of the likely costs and benefits of that discovery with respect to the contested issues of personal jurisdiction. Plaintiff's motion to compel production of documents is DENIED.

So ordered.

---

the job and sued the equipment manufacturer to which he was "a total stranger." By contrast, where the claim arises from a contractual relationship, the court can reasonably expect the plaintiff to be able to specify at the outset at least those contacts the defendant has had with the

forum that would support specific (as opposed to general) personal jurisdiction.

4. Plaintiff does not seek to assert a claim directly against Mr. Lake's estate.