**ORCHID BIOSCIENCES, INC.,**
a Delaware corporation,
Plaintiff,

v.

**ST. LOUIS UNIVERSITY, a nonprofit organization, Defendant.**

**No. CIV.00–CV–1558L(JFS).**

United States District Court,
S.D. California.

Jan. 11, 2001.

---

David M. Beckwith, Campbell and Flores, San Diego, CA, for plaintiff.

Michael J. Hickman, Musick Peeler and Garrett, San Diego, CA, for defendant.

**ORDER DENYING IN PART AND GRANTING IN PART DEFENDANT'S MOTION FOR A PROTECTIVE ORDER DENYING, OR, IN THE ALTERNATIVE, LIMITING THE DISCOVERY OF PLAINTIFF**

STIVEN, United States Magistrate Judge.

## I.

## INTRODUCTION

Defendant's motion for a protective order denying, or, in the alternative, limiting the discovery of Plaintiff came on regularly for hearing on December 14, 2000, at 10:00 a.m., in Courtroom E of the above-entitled Court. The subject motion was filed on November 15, 2000. Plaintiff filed an opposition to Defendant's motion on November 30, 2000. Defendant filed a reply on December 7, 2000. Attorney Michael J. Hickman appeared on behalf of Defendant. Attorney David M. Beckwith appeared on behalf of Plaintiff.

## II.

## BACKGROUND

Plaintiff, Orchid Biosciences, Inc., is a Delaware corporation with its principal place of business in Princeton, New Jersey. Defendant, St. Louis University, is a non-profit corporation with its offices and campuses in St. Louis, Missouri. Plaintiff filed the present action on August 3, 2000, seeking a declaratory judgment of non-infringement, invalidity and non-enforceability of a patent held by Defendant which is identified as Patent No. 5,846,710 (the "'710 Patent"). The '710 Patent describes a method for detection of genetic diseases and gene sequence variations by single nucleotide primer extension.

On September 13, 2000, Defendant filed a motion to dismiss for lack of personal jurisdiction, or, in the alternative, to transfer the case to the United States District Court for the Eastern District of Missouri. In support of its motion, Defendant submitted an affidavit of Dr. Robert O. Webster, Associate Provost for Research Administration at St. Louis University, which purportedly identifies Defendant's limited contacts with the state of

California and establishes that they are insufficient to warrant personal jurisdiction by this Court. This motion is presently scheduled to be heard by the Honorable M. James Lorenz, United States District Judge, on January 16, 2001.

Defendant filed a declaration of Dr. Webster on November 15, 2000, supplementing his previous affidavit, which far exceeds his initial affidavit in length, specificity and detail, and which not only attests to additional contacts with the state of California, but also contradicts information contained in his first affidavit.[1]

On or about October 2, 2000, Plaintiff served Defendant with a request for production of documents, and a notice of taking deposition of Defendant through its designated personnel.[2] Defendant filed the instant motion seeking an order from this Court protecting or limiting the responses it must provide to Plaintiff's discovery requests.

## III.

## DISCUSSION

### A. The Court Has Broad Discretion to Stay Discovery While a Dispositive Motion is Pending

■ The court has broad discretion to stay discovery in a case while a dispositive motion is pending. *Data Disc, Inc. v. Systems Technology Associates, Inc.*, 557 F.2d 1280 (9th Cir.1977) ("A court may permit discovery to aid in determining whether it has in personam jurisdiction. In granting discovery, the trial court is vested with broad discretion and will not be reversed except upon the clearest showing that denial of discovery results in actual and substantial prejudice to the complaining litigant." *Id.* at 1285 n. 1 (citation omitted)). *See also Hachette Distribution, Inc. v. Hudson County News Co., Inc.*, 136 F.R.D. 356 (E.D.N.Y.1991) ("[T]he federal district courts have discretion to impose a

stay of discovery pending the determination of dispositive motions by the issuance of a protective order." *Id.* at 358.)

A case by case analysis is required, since the determination will necessarily be fact specific and will depend upon the particular circumstances and posture of the case at issue. *Id.* As more fully discussed below, since there is a motion to dismiss for lack of personal jurisdiction pending, any discovery which seeks to reach the merits of this case would be unnecessary, costly and burdensome at this time. However, under the particular circumstances present here, a protective order staying *all* discovery is not warranted.

### B. While a Dispositive Motion is Pending, the Court Should Allow Discovery Which Addresses Jurisdictional Issues

Defendant generally argues that the discovery sought by Plaintiff should be denied because (1) Plaintiff has failed to establish a prima facie case of personal jurisdiction over the Defendant, (2) Dr. Webster's affidavit establishes a lack of sufficient jurisdictional contacts between Defendant and the state of California, and (3) the discovery sought by Plaintiff, even if allowed, would not establish personal jurisdiction over Defendant in California.

■ Courts are afforded a significant amount of leeway in deciding whether parties may conduct discovery relating to jurisdictional issues while a motion to dismiss is pending. "It is clear that the question of whether to allow discovery is generally within the discretion of the trial judge. However, where pertinent facts bearing on the question of jurisdiction are in dispute, discovery should be allowed." *America West Airlines, Inc. v. GPA Group, Ltd.*, 877 F.2d 793, 801 (9th Cir.1989) (citations omitted). *See also Wells Fargo & Co. v. Wells Fargo Express*

---

1. For example, Dr. Webster's supplemental declaration identifies approximately 78 additional contacts Defendant has had with California over the course of the past two years, which include a series of material transfer agreements with entities in California, a series of confidential nondisclosure agreements with entities that have business addresses in California, a series of clinical trial agreements with entities that have corporate headquarters in California, and five charitable

trusts with which Defendant is involved that benefit California residents. Moreover, while in his first affidavit he attested that Defendant owns no property in the state of California, in his supplemental declaration Dr. Webster now concedes that Defendant owns an unused, remote 17–acre parcel of land in California.

2. The text of pertinent portions of these discovery requests are appended to this Order.

*Co.,* 556 F.2d 406 (9th Cir.1977) (finding that "[d]iscovery ... 'should be granted where pertinent facts bearing on the question of jurisdiction are controverted ... or where a more satisfactory showing of the facts is necessary.'") *Id.* at 430 n. 24 (citing *Kilpatrick v. Texas & P. Ry.,* 72 F.Supp. 635, 638 (S.D.N.Y.1947)); *Data Disc,* 557 F.2d at 1285 n. 1 (same). Nevertheless, it is not an abuse of judicial discretion to deny discovery before dismissing on jurisdictional grounds "when it is clear that further discovery would not demonstrate facts sufficient to constitute a basis for jurisdiction." *Wells Fargo,* 556 F.2d at 430 n. 24.

■ As stated above, Defendant contends that prior to obtaining even limited discovery, Plaintiff must establish a prima facie case, otherwise known as a colorable basis, of personal jurisdiction. According to Defendant, Plaintiff has not met this burden because it has failed to allege facts which show Defendant has the kind of contacts with this forum to support general or specific jurisdiction.

Defendant is correct that the authority it cites, *Ellis v. Fortune Seas, Ltd.,* 175 F.R.D. 308 (S.D.Ind.1997), stands for this proposition.[3] However, this Court is not bound by a decision which arises outside this circuit, and the Court could find no authority from our circuit which supports this proposition. In fact, a case from the Court of Appeals for the Ninth Circuit, upon which Defendant relies heavily, appears to suggest something quite to the contrary. In *Data Disc,* after suggesting that the trial court may properly allow affidavits or discovery, or a combination thereof, in determining whether personal jurisdiction exists over a defendant,[4] the court addressed the burden a plaintiff would subsequently bear in opposing a defendant's motion to dismiss. "If the court determines

that it will receive only affidavits or affidavits plus discovery materials, these very limitations dictate that a plaintiff must make only a prima facie showing of jurisdictional facts through the submitted materials in order to avoid a defendant's motion to dismiss." 557 F.2d at 1285.

It would therefore be counterintuitive to require a plaintiff, *prior to* conducting discovery, to meet the same burden that would be required in order to defeat a motion to dismiss. Moreover, the authorities from our circuit cited herein indicate that our Federal Rules envision a broader scope of even preliminary discovery. This Court therefore disagrees with the *Ellis* decision and declines to require that Plaintiff establish a prima facie case of personal jurisdiction prior to conducting discovery related to jurisdictional issues.[5]

■ Next, Defendant argues that Dr. Webster's affidavit establishes that Defendant's contacts with the state of California are extremely limited and are simply insufficient to support personal jurisdiction over Defendant by this Court. The crux of Defendant's argument is that through Dr. Webster's affidavit it has answered all of plaintiff's jurisdictional questions. Defendant further argues that in light of Dr. Webster's affidavit, Plaintiff must identify specific factual issues in dispute before it is entitled to conduct jurisdictional discovery, and that courts routinely accept sworn declarations or affidavits as adequate discovery responses while rejecting requests for further discovery.

First, it is clear that the mandate set forth in *Wells Fargo* has been met here. The court finds ample evidence that there are "pertinent facts bearing on the question of jurisdiction [which] are controverted ...."

---

3. "[C]ourts have properly limited or denied discovery on jurisdictional issues where the plaintiff failed to make some threshold showing—sometimes called a 'prima facie' showing, other times called a 'colorable' showing—of a plausible basis for exercising jurisdiction over the defendant." *Ellis,* 175 F.R.D. at 312.

4. 557 F.2d at 1285.

5. In any event, even if it were to so require, this Court is of the opinion that a prima facie case for

personal jurisdiction has in fact been established by way of Plaintiff's complaint and the affidavit of Dr. Webster submitted by Defendant. Plaintiff's complaint alleges, and Defendant has conceded, that Defendant entered into two licensing agreements concerning the '710 Patent with entities having their principal places of business in California. Moreover, Defendant has disclosed through Dr. Webster's affidavit at least 78 additional contacts Defendant has had with this forum over the past two years.

556 F.2d at 430 n. 24(citing *Kilpatrick v. Texas & P. Ry.*, 72 F.Supp. 635, ·638 (S.D.N.Y.1947)). More specifically, it is disputed whether Dr. Webster's affidavit discloses all of Defendant's contacts with the state of California that could be relevant to the jurisdictional analysis, and it is disputed whether the affidavit, even if taken as true, establishes that personal jurisdiction over Defendant is lacking. Defendant conceded during oral argument that a genuine factual dispute exists over what the contacts identified in Dr. Webster's affidavit mean in a jurisdictional sense. Discovery should be denied only where "it is clear that further discovery would not demonstrate facts sufficient to constitute a basis for jurisdiction." *Wells Fargo*, 556 F.2d at 430 n. 24. The Court is unpersuaded that further discovery would not reveal additional facts not contained in Dr. Webster's affidavit (or further define what is meant by the facts addressed in the affidavit) that might be sufficient to constitute a basis for jurisdiction.

Second, Defendant cites several cases for the proposition that discovery should not be allowed where declarations or affidavits alone answer all of a plaintiff's jurisdictional questions. A review of Defendant's authorities corroborates this proposition to a certain extent. *See, e.g., Huang v. Ferrero U.S.A., Inc.*, 1999 U.S. Dist. LEXIS 5712 (N.D.Cal. Apr. 15, 1999); *Levy v. Norwich Union Ins. Soc'y*, 1998 WL 544971, 1998 U.S. Dist. LEXIS 13524 (N.D.Cal. Aug. 5, 1998). However, in these cases the declarations or affidavits offered by the defendants attested to a *virtual complete lack of contacts* with the forum state. Here, however, we have something quite different. Dr. Webster's affidavit *does not* contend that Defendant has had no contacts with California, but, rather, admits numerous contacts with this forum but contends they are insufficient to establish personal jurisdiction over Defendant. This Court sees a fundamental difference between a declaration or affidavit · that attests to a defendant's lack of contacts with the forum state and one that admits contacts but concludes they do not matter. As stated above, "[d]iscovery ... should be granted where pertinent facts bearing on the question of jurisdiction are controverted ... or where a more satisfactory showing of the

facts is necessary." *Wells Fargo*, 556 F.2d at 430 n. 24 (citing *Kilpatrick v. Texas & P. Ry.*, 72 F.Supp. 635, 638 (S.D.N.Y.1947)). Plaintiff should not be bound solely by the contents of Dr. Webster's affidavit or by Defendant's conclusions that the contacts disclosed therein are insufficient to establish personal jurisdiction. Moreover, the discovery propounded by Plaintiff may uncover additional information bearing on the jurisdictional inquiry which, perhaps, neither Dr. Webster nor Defendant thought to include in Dr. Webster's affidavit. Plaintiff should be allowed explore the quality, quantity and nature of all of Defendant's contacts with this forum and draw its own conclusions and proffer its own arguments as to whether Defendant should be subject to personal jurisdiction in this Court.

Lastly, Defendant argues that Plaintiff's requests for production and the designated subjects of its noticed deposition are uniformly overbroad, not limited to whether this Court may properly assert personal jurisdiction over Defendant and, even if permitted, would not satisfy Plaintiff's high burden of proof on the issue of personal jurisdiction. The Court disagrees, at least in part. First, the Court finds that while certain modifications are in order, as discussed more fully below, Plaintiff's discovery requests *are* largely restricted to addressing jurisdictional issues. Second, Defendant's line of reasoning possesses a fatal flaw. Defendant addresses Plaintiff's discovery requests *by group* and then attempts to demonstrate that Defendant's responses to *each group* will not establish personal jurisdiction. However, contacts must be considered on a cumulative basis, not independent from one another. In any event, it is beyond the scope of the present motion whether or not the discovery sought would be sufficient to establish personal jurisdiction over Defendant, in either the general or specific sense. Rather, this issue is properly before Judge Lorenz on Defendant's motion to dismiss and will be adjudicated after that motion is heard. To defeat the discovery sought here, Defendant must meet the relatively high burden of establishing that "it is clear that further discovery would *not* demonstrate facts sufficient to constitute a basis for jurisdiction." *Wells*

*Fargo,* 556 F.2d at 430 n. 24 (emphasis added). Defendant has failed to meet this burden.

### C. A Protective Order Limiting Discovery to Jurisdictional Inquiries is Appropriate Where a Motion to Dismiss for Lack of Personal Jurisdiction is Pending.

The Court has broad discretion to limit discovery otherwise permissible under the Federal Rules:

> The frequency or extent of use of the discovery methods otherwise permitted under these rules and by any local rule shall be limited by the court if it determines that (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

. . .

Fed.R.Civ.P. 26(b)(2).

█ When a defendant raises jurisdictional objections, the court may stay discovery proceedings generally and limit discovery to matters relevant to the court's jurisdiction. 8 Charles A. Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure sec. 2040, p. 521–22 (2d ed.1994). Courts in other circuits have routinely stayed discovery on the merits altogether while challenges to jurisdiction are pending.[6]

Inasmuch as a dispositive motion is pending, the Court concludes that allowing discovery which extends beyond jurisdictional issues at this juncture would place a burden upon Defendant which far exceeds any benefit Plaintiff would derive. Should Defendant prevail on its motion to dismiss, any effort expended in responding to merits-related discovery would prove to be a waste of both parties' time and resources. Should Defendant's motion be denied, however, Plaintiff will still have ample time and opportunity to conduct discovery on the merits.[7]

### IV.

### CONCLUSION

For the reasons set forth above, Defendant's request for a protective order denying discovery is **DENIED.** Defendant's alternative request for a protective order limiting discovery to jurisdictional issue is **GRANTED. IT IS HEREBY ORDERED** that Defendant shall respond to Plaintiff's discovery requests as follows:

### A. Requests for Production of Documents

*Requests for Production Nos. 1 and 2:* These requests shall be limited to identifying only those licenses, assignments, grants, transfers and agreements described therein which involve a California Resident.[8] Defendant shall provide full responses to the requests as so limited.[9]

*Request for Production Nos. 3, 4, 5, 6:* Defendant shall provide full responses to these requests as they are currently phrased, with the understanding that the requests are limited to activity concerning the '710 Patent which took place in California or was engaged in by California Residents.

---

6. *See, e.g., Enplanar, Inc. v. Marsh,* 11 F.3d 1284 (5th Cir.1994) (court did not abuse its discretion in denying merits-related discovery pending ruling non a motion for change of venue); *River Plate Corp. v. Forestal Land, Timber & Ry. Co.,* 185 F.Supp. 832 (D.C.N.Y.1960) (where motion to quash service of summons was pending, discovery limited to the issue of jurisdiction); *Defensive Instruments, Inc. v. RCA Corp.,* 385 F.Supp. 1053 (D.C.Pa.1974) (where defense of statute of limitations would obviate need for scrutiny of merits, discovery properly limited to preliminary questions as to validity of the defense).

7. Inasmuch as this case has not yet progressed much beyond the initial pleading stages, the Court has not yet issued a scheduling order establishing a discovery cut-off date.

8. The definition of "California Resident" is set forth in the definitions section of Plaintiff's request for production of documents.

9. It was represented at the hearing that this information has already been provided by Defendant. If so, no further response is required.

*Request for Production No. 7:* This request shall be limited to identifying only those letters so described which involve a California Resident.

*Request for Production No. 8:* Defendant shall provide a full response to this request as it is currently phrased.

*Request for Production No. 9:* This request shall be treated as an interrogatory rather than a request for production of documents, and Defendant shall respond in a written form, identifying all agreements to which Defendant is a party that (a) were executed in the state of California; (b) are governed by California law; (c) provide for jurisdiction over disputes in either a state or federal court sitting in California; or (d) have any California Resident as a party. As to each agreement so identified, Defendant shall state (i) the parties thereto; (ii) the date it was entered into; and (iii) the general subject matter to which the agreement pertains. Further, and to the extent such a document exists, Defendant shall produce a general form Material Transfer Agreement it commonly uses. If no such general form exists, Defendant shall so indicate in its response.

*Requests for Production Nos. 10 and 11:* Defendant shall provide full responses to these requests as they are currently phrased.

*Request for Production No. 12:* This request shall be limited to those documents which describe Defendant's attempts to solicit participation in commercial ventures for profit from California Residents. Defendant shall provide a full response to this request as so limited.

### B. Plaintiff's Notice of Taking Deposition of Defendant Through its Designated Personnel

*Deposition Subject No. 1:* Defendant shall produce the appropriate person to provide deposition testimony on this subject as it is currently phrased.

*Deposition Subject No. 2:* This subject shall be limited to the plans, discussions and efforts so described that were made, held or directed toward California Residents. Defendant shall produce the appropriate person to provide testimony on this subject as so limited.

*Deposition Subject No. 3:* Defendant shall produce the appropriate person to provide deposition testimony on this subject as it is currently phrased.

*Deposition Subject No. 4:* Defendant shall not be required to produce a person to provide deposition testimony on this subject.

*Deposition Subject No. 5:* This subject shall be limited to Defendant's attempts to solicit California Residents to participate in commercial ventures for profit. Defendant shall produce the appropriate person to provide testimony on this subject as so limited.

*Deposition Subject No. 6:* Defendant shall not be required to produce a person to provide deposition testimony on this subject.

At the hearing on this motion, Defendant's counsel expressed a concern that should Defendant be required to respond to all or part of Plaintiff's discovery responses, it would inevitably be compelled to disclose confidential and proprietary information. Counsel for both parties informed the Court that they had discussed entering into a stipulated protective order to protect each party's confidences during the course of this litigation, and had in fact exchanged drafts of a proposed order.

Therefore, **THE PARTIES ARE HEREBY FURTHER ORDERED** to use their best efforts to reach an agreement as to the form and content of a stipulated protective order which will allow each party to designate as "Confidential" or "Attorneys' Eyes Only" documents and information exchanged in response to discovery requests. If the parties are unable to reach such an agreement on or before **January 19, 2001,** they shall apply to the Court for assistance.

**IT IS HEREBY FURTHER ORDERED** that Defendant's responses to Plaintiff's requests for production of documents as outlined above shall become due **ten (10) days** after a stipulated protective order has been entered by this Court. Defendant shall, in response to Plaintiff's notice of taking deposition, make available appropriate personnel to testify as to the deposition subjects outlined above no later than **thirty (30) days** after a stipulated protective order has been entered by this Court.

**IT IS HEREBY FURTHER ORDERED** that Defendant's motion to dismiss which is currently pending before Judge Lorenz and is scheduled to be heard on January 16, 2001, is **continued** to *March 26, 2001, at 10:30 a.m.*

**IT IS SO ORDERED.**

## APPENDIX

### A. *Plaintiff's Requests for Production of Documents*

(1) All licenses, assignments or other grants or transfers of rights to the '710 Patent, including drafts, and all documents identified to therein.

(2) All agreements (other than those produced in response to Request No. 1) that refer or relate to the practice of any of the technology claimed in the '710 Patent. ·

(3) All documents containing, referring to, or discussing communications between SLU and any California Resident regarding the '710 Patent, including but not limited to the validity or infringement of any claims, scope of the subject matter claimed, the proper understanding or interpretation of any portion thereof, or the practice of any of the methods claimed.

(4) All publications, including advertisements and publications over the Internet, containing a description of the technology claimed in the '710 Patent that were published within California, or sent to or received from any California Resident.

(5) Documents sufficient to describe all products and services offered, sold, distributed or advertised by a California Resident anywhere in the world, or by anyone in the state of California, that involve use of the technology claimed in the '710 Patent.

(6) Documents sufficient to identify (a) all persons who have tried to market the technology claimed [in] the '710 Patent to any entity within the State of California, and (b) all California Residents who have tried to do so anywhere in the world.

(7) All cease-and-desist letters and threat of infringement letters and responses to them concerning the '710 Patent.

(8) Documents sufficient to describe all efforts to develop markets within California for any product made according to, or service provided, that uses the technology claimed in the '710 Patent.

(9) All agreements (regardless of subject matter) to which SLU is a party, that: (a) were executed in the State of California by any entity; or (b) are governed by California law; or (c) provide for jurisdiction over disputes in either a state or federal court sitting in California; or (d) have any California Resident as a party.

(10) All licenses, certificates and permits from the State of California or other municipality within the State of California that have been issued to SLU.

(11) Documents sufficient to identify all agents of SLU that are based in the State of California.

(12) Documents sufficient to describe generally SLU's attempts to solicit business or students, to hold meetings of SLU Alumnae or to raise funds from California Residents.

### B. *Plaintiff's Notice of Taking Deposition Defendant Through its Designated Personnel—Deposition Subjects*

(1) The substance and timing of all discussions with California Residents, both oral and written, regarding the '710 Patent, including but not limited to licenses or assignments of rights, validity, scope of claims, possible infringers, technical assistance or information, royalties or practice of methods claimed therein.

(2) All the plans, discussions and efforts by SLU to license the technology claimed in the '710 Patent, including but not limited to licenses to Illumina and Nanogen.

(3) The nature and substance of all agreements to which SLU is a party and: either (a) any other party thereto is a California Resident; or (b) the agreement was executed in the State of California by any party to the agreement, or is governed by California law, or provides for jurisdiction over disputes in either a state or federal court sitting in California.

(4) SLU's attempts to solicit students from within or hold alumnae events in the State of California.

(5) SLU's attempts to solicit business or to raise funds from any entity that is a California Resident.

(6) The preparation for the Response to Plaintiff's First Request for the Production of Documents and Things.