[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 1044 
George Roberts sued John Bufkin and Byron Williamson in the Sumter Circuit Court. Bufkin filed a motion to dismiss on the basis that the trial court lacked personal jurisdiction over him. The trial court denied that motion, and Bufkin filed this petition for a writ of mandamus. We deny the petition.
 I. Facts and Procedural History
According to Roberts's complaint, on September 12, 2003, he was permanently injured and his property damaged when Bufkin backed a truck over the motorcycle Roberts was riding. The accident occurred in Fayetteville, Tennessee. Bufkin is a resident of Mississippi. Williamson, who owns the truck Bufkin was driving at the time of the accident and who is also a defendant in the case, is a resident of Alabama, as is Roberts, the plaintiff. Williamson was not present at the time of the accident. Roberts alleged negligence and wantonness on the part of Bufkin and negligent entrustment on the part of Williamson.
Bufkin filed with the trial court a motion to dismiss, arguing that the court lacked personal jurisdiction over him. Williamson filed a motion for a summary judgment, setting forth defenses to Roberts's negligent-entrustment claim. The trial court denied Bufkin's motion to dismiss and reserved judgment on Williamson's summary-judgment motion until discovery was completed. Bufkin then filed this petition for the writ of mandamus in which he argues that the trial court erred in denying his motion to dismiss for lack of personal jurisdiction.
 II. Standard of Review "`The writ of mandamus is a drastic and extraordinary writ, to be "issued only when there is: 1) a clear legal right in the petitioner to the order sought; 2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; 3) the lack of another adequate remedy; and 4) properly invoked jurisdiction of the court." Ex parte United Serv. Stations, Inc., 628 So.2d 501, 503
(Ala. 1993); see also Ex parte Ziglar, 669 So.2d 133, 134 (Ala. 1995).' Ex parte Carter, [807 So.2d 534,] 536 [(Ala. 2001)]."
Ex parte McWilliams, 812 So.2d 318, 321 (Ala. 2001). "An appellate court considers de novo a trial court's judgment on a party's motion to dismiss for lack of personal *Page 1045 
jurisdiction." Elliott v. Van Kleef, 830 So.2d 726,729 (Ala. 2002).
 "`"In considering a Rule 12(b)(2), Ala. R. Civ. P., motion to dismiss for want of personal jurisdiction, a court must consider as true the allegations of the plaintiffs complaint not controverted by the defendant's affidavits, Robinson v. Giarmarco Bill, P.C., 74 F.3d 253 (11th Cir.1996), and Cable/Home Communication Corp. v. Network Productions, Inc., 902 F.2d 829 (11th Cir.1990), and `where the plaintiffs complaint and the defendant's affidavits conflict, the . . . court must construe all reasonable inferences in favor of the plaintiff.' Robinson, 74 F.3d at 255 (quoting Madara v. Hall, 916 F.2d 1510, 1514 (11th Cir.1990))."'
 "Wenger Tree Serv. v. Royal Truck Equip., Inc., 853 So.2d 888, 894 (Ala. 2002) (quoting Ex parte Mclnnis, 820 So.2d 795, 798
(Ala. 2001)). However, if the defendant makes a prima facie evidentiary showing that the Court has no personal jurisdiction, `the plaintiff is then required to substantiate the jurisdictional allegations in the complaint by affidavits or other competent proof, and he may not merely reiterate the factual allegations in the complaint.' Mercantile Capital, LP v. Federal Transtel, Inc., 193 F.Supp.2d 1243, 1247
(N.D.Ala.2002) (citing Future Tech. Today, Inc. v. OSF Healthcare Sys., 218 F.3d 1247, 1249 (11th Cir.2000)). See also Hansen v. Neumueller GmbH, 163 F.R.D. 471, 474-75 (D.Del.1995)('When a defendant files a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(2), and supports that motion with affidavits, plaintiff is required to controvert those affidavits with his own affidavits or other competent evidence in order to survive the motion.') (citing Time Share Vacation Club v. Atlantic Resorts, Ltd., 735 F.2d 61, 63 (3d Cir.1984))."
Ex parte Covington Pike Dodge, Inc., 904 So.2d 226,229-30 (Ala. 2004).
 III. Analysis A.
"A state has jurisdiction over a person or corporation so long as its `long-arm statute' reaches the person or corporation and the state's jurisdiction comports with the requirements of due process." Leithead v. BanyanCorp., 926 So.2d 1025, 1029-30 (Ala. 2005). Rule 4.2, Ala. R. Civ. P., Alabama's long-arm rule, provides:
 "An appropriate basis exists for service of process outside of this state upon a person or entity in any action in this state when the person or entity has such contacts with this state that the prosecution of the action against the person or entity in this state is not inconsistent with the constitution of this state or the Constitution of the United States. . . ."
Therefore, Alabama's long-arm rule extends the personal jurisdiction of Alabama courts to the limits of due process permissible under the Fourteenth Amendment to the United States Constitution and Art. I, § 13, Constitution of Alabama of 1901. See Ex parte Alloy Wheels Int'l, 882 So.2d 819,822 (Ala. 2003).
"The Due Process Clause of the Fourteenth Amendment permits a forum state to subject a nonresident defendant to jurisdiction in its courts only when that defendant has had `minimum contacts' with the forum state." Ex parte FullCircle Distrib., L.L.C., 883 So.2d 638, 644 (Ala. 2003) (citing International Shoe Co. v. Washington,326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945)).
 "`Two types of contacts can form a basis for personal jurisdiction: general contacts and specific contacts. General contacts, which give rise to *Page 1046 
general personal jurisdiction, consist of the defendant's contacts with the forum state that are unrelated to the cause of action and that are both "continuous and systematic." Helicopteros Nacionales de Colombia, S.A v. Hall, 466 U.S. 408, 414 n. 9, 415, 104 S.Ct. 1868, 80 L.Ed.2d 404
(1984); [citations omitted]. Specific contacts, which give rise to specific jurisdiction, consist of the defendant's contacts with the forum state that are related to the cause of action. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472-75, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985). Although the related contacts need not be continuous and systematic, they must rise to such a level as to cause the defendant to anticipate being haled into court in the forum state. Id.'
 "Ex parte Phase III Constr., Inc., 723 So.2d 1263, 1266 (Ala. 1998) (Lyons, J., concurring in the result). Furthermore, this Court has held that, for specific in personam jurisdiction, there must exist `a clear, firm nexus between the acts of the defendant and the consequences complained of.' Duke v. Young, 496 So.2d 37, 39 (Ala. 1986). See also Ex parte Kamilewicz, 700 So.2d 340, 345 n. 2 (Ala. 1997)."
Elliott, 830 So.2d at 730-31.
Roberts argues that the trial court has specific personal jurisdiction over Bufkin, focusing on Bufkin's contacts with Alabama that are related to the underlying cause of action. According to Roberts's complaint, "[a]t the time of the accident complained of, [Bufkin] was the agent, servant or employee of [Williamson] and/or was involved in a joint venture with [Williamson]." According to Williamson's summary-judgment motion, Williamson's truck, being driven by Bufkin at the time of the accident involving Roberts, had a horse trailer attached to it when Bufkin backed over Roberts's motorcycle, a fact Bufkin admits in his reply brief. In an affidavit submitted to the trial court, Bufkin concedes that, at some point in September 2003, the month in which the accident occurred in Tennessee, Bufkin was present in Alabama.
We have recently reiterated the principle that "`"[t]he plaintiff bears the burden of proving the court's personal jurisdiction over the defendant." Daynard v. Ness, Motley,Loadholt, Richardson Poole, P.A., 290 F.3d 42, 50
(1st Cir.2002).'" Ex parte Troncalli Chrysler PlymouthDodge, Inc., 876 So.2d 459, 463 (Ala. 2003) (quoting Exparte Dill, Dill, Carr, Stonbraker Hutchings, P.C.,866 So.2d 519, 525 (Ala. 2003)). While affidavits filed by Bufkin and Williamson do not contradict the allegations of agency contained in Roberts's complaint, based on the limited facts before us on this petition for the writ of mandamus, we cannot determine the nature of the alleged business relationship between Bufkin and Williamson; therefore, we cannot conclude that Bufkin's contacts with Alabama are such that the trial court could have found, at this stage of the proceeding, that Roberts had established that that court had personal jurisdiction over Bufkin. However, if Roberts is entitled to conduct further discovery on the issue of personal jurisdiction, our inability to find personal jurisdiction based on the facts presently before us does not warrant our issuing the writ of mandamus and instructing the trial court to dismiss all claims against Buikin.
 B.
Roberts contends that before a final determination is made regarding personal *Page 1047 
jurisdiction as to Bufkin, Roberts is entitled to limited discovery to investigate facts relevant to that issue. Roberts points out that Bufkin has refused to respond to discovery requests, causing Roberts to file a motion to compel discovery. There is no indication that the trial court has ruled on Roberts's motion to compel. Roberts contends that, while he believes that Bufkin and Williamson were involved in some sort of business relationship at the time of the accident, which is the reason Bufkin was driving Williamson's truck, he is unable to confirm that belief because Bufkin has refused to respond to Roberts's discovery requests.
In Ex parte Troncalli Chrysler Plymouth Dodge,Inc., a case involving discovery on the question of jurisdiction, this Court said:
 "`"It is well established that a . . . court has the power to require a defendant to respond to discovery requests relevant to his or her motion to dismiss for lack of jurisdiction."' Andersen v. Sportmart, Inc., 179 F.R.D. 236, 241 (N.D.Ind.1998) (quoting Ellis v. Fortune Seas, Ltd., 175 F.R.D. 308, 311 (S.D.Ind. 1997)). `However, it is also well established that a plaintiff does not enjoy an automatic right to discovery pertaining to personal jurisdiction in every case.' Id. `[T]o be permitted jurisdictional discovery, [a] plaintiff must at least allege facts that would support a colorable claim of jurisdiction.' Schenck v. Walt Disney Co., 742 F.Supp. 838, 840
n. 1 (S.D.N.Y.1990) (emphasis added). See also Ellis v. Fortune Seas, Ltd., 175 F.R.D. 308, 312
(S.D.Ind.1997); Hansen v. Neumueller GmbH, 163 F.R.D. 471, 475 (D.Del.1995); Daval Steel Prods, v. M.V. Juraj Dalmatinac, 718 F.Supp. 159, 162 (S.D.N.Y.1989); Rich v. KIS California, Inc., 121 F.R.D. 254, 259 (M.D.N.C.1988).
 "A request for jurisdictional discovery must offer the court `more than conjecture and surmise in support of [the] jurisdictional theory.' Crist v. Republic of Turkey, 995 F.Supp. 5, 13 (D.D.C. 1998). `[The] standard is quite low, but a plaintiffs discovery request will nevertheless be denied if it is only based upon "bare," "attenuated," or "unsupported" assertions of personal jurisdiction, or when a plaintiffs claim appears to be "clearly frivolous."' Andersen, 179 F.R.D. at 242."
876 So.2d at 467-68.
In Troncalli we held that the plaintiffs discovery request presented "nothing but `conjecture and surmise' regarding the existence of general jurisdiction,"876 So.2d at 468, and was therefore due to be denied. Unlike the complaint in Troncalli, which was devoid of allegations necessary to sustain personal jurisdiction, the complaint in this proceeding alleges that "[Bufkin] was the agent, servant or employee of [Williamson] and/or was involved in a joint venture with [Williamson]." Williamson, of course, is a resident of Alabama. Bufkin admits in his affidavit that he visited Alabama during the month in which the accident occurred, and it is undisputed that Bufkin was driving Williamson's truck at the time of the accident. Therefore, in contrast to the situation presented this Court inTroncalli Roberts has "at least alleg[ed] facts
that would support a colorable claim of jurisdiction." 876 So.2d at 468. Limited discovery could flesh out Roberts's allegations and could lead to a conclusion that the trial court can exercise personal jurisdiction over Bufkin.
The allegations before us in this proceeding are distinguishable from those in *Page 1048 Troncalli, and they justify a less restrictive approach to allowing jurisdictional discovery. We embrace the rule applicable in such circumstance as expressed in Toys"R" Us, Inc. v. Step Two, S.A., 318 F.3d 446, 456 (3d Cir.2003):
 "Although the plaintiff bears the burden of demonstrating facts that support personal jurisdiction, Pinker [v. Roche Holdings Ltd., 292 F.3d 361, 368 (3rd Cir.2002) ], courts are to assist the plaintiff by allowing jurisdictional discovery unless the plaintiffs claim is `clearly frivolous.' Massachusetts School of Law at Andover, Inc. v. American Bar Ass'n, 107 F.3d 1026, 1042 (3d Cir.1997). If a plaintiff presents factual allegations that suggest `with reasonable particularity' the possible existence of the requisite `contacts between [the party] and the forum state,' Mellon Bank (East) PSFS, Nat'l Ass'n v. Farino, 960 F.2d 1217, 1223 (3d Cir.1992), the plaintiffs right to conduct jurisdictional discovery should be sustained.
 "Where the plaintiff has made this required threshold showing, courts within this Circuit have sustained the right to conduct discovery before the district court dismisses for lack of personal jurisdiction. See, e.g., In re Automotive Refinishing Paint Antitrust Litigation, [No. 1426, July 31, 2002] (E.D.Pa. July 31, 2002) [not reported in F.Supp.2d] (denying motion to dismiss and permitting jurisdictional discovery where plaintiff made a `threshold prima facie showing of personal jurisdiction over Defendants'); W. Africa Trading Shipping Co., et al. v. London Int'l Group, et al, 968 F.Supp. 996, 1001 (D.N.J.1997) (denying defendant's motion to dismiss where the plaintiffs' `request for jurisdictional discovery is critical to the determination of whether [the court can] exercise personal jurisdiction over the defendant.'); Centralized Health Systems, Inc. v. Cambridge Medical Instruments, Inc., [No. 89-3322, Nov. 8, 1989] (E.D.Pa. Nov. 8, 1989) [not reported in F.Supp.] (holding motion to dismiss in abeyance to permit party to take discovery on jurisdiction where distribution arrangement might satisfy minimum contacts)."
Without affording Roberts the opportunity for limited discovery on the issue of personal jurisdiction, we will not at this stage of the proceeding grant the writ of mandamus and order Bufkin's dismissal from the action. The petition for mandamus is therefore premature and is due to be denied.
 IV. Conclusion
The answer to the question whether Bufkin is subject to the jurisdiction of the trial court must await further discovery. We note that there is no ruling for us to review on Roberts's pending motion to compel discovery. Nonetheless, we assume that further proceedings with respect to discovery from Bufkin will be limited to the issue of personal jurisdiction until that issue is resolved.
PETITION DENIED.
 WOODALL, STUART, SMITH, and PARKER, JJ., concur. *Page 1049