This petition for the writ of mandamus arises out of an oral contract between Phase III Construction, Inc. (a Virginia construction management corporation), which bargained with Collins Signs, Inc. (an Alabama sign-manufacturing corporation), for Collins Signs to manufacture signage and install it at a Waffle House restaurant in Virginia. On January 7, 1998, Collins filed a breach-of-contract action in the circuit court of Houston County, Alabama, against Phase III, alleging that it had failed to pay the contract price. On February 6, 1998, Phase III moved to dismiss the action for lack of personal jurisdiction; the trial court denied the motion to dismiss, on March 24, 1998.
Phase III petitions for a writ of mandamus (and, alternatively, for a writ of prohibition) directing Judge C. Lawson Little, of the Houston Circuit Court to show cause why he should not grant Phase III's motion to dismiss for lack of personal jurisdiction. "`Mandamus is a drastic and extraordinary writ to be issued only where there is (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.'" Ex parte Mardis, 628 So.2d 605, 606 (Ala. 1993), quoting Ex parte Ben-Acadia, Ltd., 566 So.2d 486, 488 (Ala. 1990). "Because `mandamus is an extraordinary remedy, the standard of review for a writ of mandamus is whether there has been a clear abuse of discretion by the trial judge.'" Ex parteMardis, 628 So.2d at 606, quoting Ex parte Rudolph,515 So.2d 704, 706 (Ala. 1987). The circuit court's order denying Phase III's motion to dismiss for lack of personal jurisdiction is an interlocutory order; therefore, a petition for the writ of *Page 1264 
mandamus is an appropriate means for Phase III to seek a remedy in this case. Ex parte Paul Maclean Land Services, Inc.,613 So.2d 1284, 1286 (Ala. 1993), citing Ex parte Hartford Ins. Co.,394 So.2d 933 (Ala. 1981).
Phase III argues that it does not have sufficient minimum contacts with the State of Alabama to confer on an Alabama court personal jurisdiction. In support of its motion to dismiss for lack of personal jurisdiction, Phase III filed with the circuit court the affidavit of Ree R. Ellis, president of Phase III. The affidavit states: (1) that Phase III is a Virginia corporation; (2) that it maintains its principal office in Virginia; (3) that it has never qualified to do business as a foreign corporation in the State of Alabama; (4) that it does not transact business, by agent or otherwise, in the State of Alabama; and (5) that it does not own property in the State of Alabama. The affidavit continues on to state that Phase III was referred to Collins by the corporate of office of the company that operates Waffle House restaurants and that thereafter Phase III did in fact contact Collins, by telephone, to arrange the purchase and installation of certain signage for a Waffle House restaurant in Richmond, Virginia.
Phase III cites Ex parte Kamilewicz,700 So.2d 340 (Ala. 1997), and Ex parte UnitedBhd. of Carpenters, 688 So.2d 246 (Ala. 1997), cert. denied, United Bhd. of Carpenters v.BE K Constr. Co., — U.S., —117 S.Ct. 2509, 138 L.Ed.2d 1012 (1997), as acknowledging that the constitutional touchstone that determines whether a state court can assert jurisdiction over a nonresident defendant remains whether the defendant purposefully established "minimum contacts" with the forum state. International Shoe Co. v.Washington, 326 U.S. 310, 318, 66 S.Ct. 154, 90 L.Ed. 95 (1945). This is recognized by the Alabama Rules of Civil Procedure. Rule 4.2, Ala.R.Civ.P., provides:
"(a) Basis for Out-of-State Service.
 "(1) When Proper. Appropriate basis exists for service of process outside of this state upon a person in any action in this state when
". . . .
 "(B) the person has sufficient contacts with this state, as set forth in subdivision (a) (2) of this rule, so that the prosecution of the action against the person in this state is not inconsistent with the constitution of this state or the Constitution of the United States. . . .
 "(2) Sufficient Contacts. A person has sufficient contacts with the state when that person, acting directly or by agent, is or may be legally responsible as a consequence of that person's
"(A) transacting any business in this
". . . .
 "(I) otherwise having some minimum contacts with this state and, under the circumstances, it is fair and reasonable to require the person to come to this state to defend an action. The minimum contacts referred to in this subdivision (I) shall be deemed sufficient, notwithstanding a failure to satisfy the requirement of subdivisions (A)-(H) of this subsection (2), so long as the prosecution of the action against a person in this state is not inconsistent with the constitution of this state or the Constitution of the United States.
 "(3) `Person' Defined. This term `person' as used herein includes . . . a corporation . . . ."
This Court has held that "[s]ervice of process under Rule 4.2 (a) (2) [is] as far-reaching as due process permits." Ex parteKamilewicz, 700 So.2d at 342.
As Ex parte Kamilewicz, notes, "`Few Alabama cases have specifically addressed the issue of what contacts will subject a defendant to the general jurisdiction of this state's courts, and those that have done so have focused on the activities of corporations seeking to avail themselves of profit in this state.'" 700 So.2d at 344, quoting Ex parte United Bhd. ofCarpenters, supra, 688 So.2d at 250. When nonresident defendants have initiated contacts with this state solely for their own profit, availing themselves of the privileges of conducting business here, this Court has determined that such activities were sufficiently systematic and continuous to support a finding of general jurisdiction and has determined that it was fair and *Page 1265 
reasonable and thus consistent with the principles of due process to invoke such jurisdiction. See, e.g., Ex parte Newco Mfg. Co.,481 So.2d 867 (Ala. 1985); Atlanta Auto Auction, Inc. v. G GAuto Sales, Inc., 512 So.2d 1334 (Ala. 1987). Phase III reminds us that in Steel Processors, Inc. v. Sue's Pumps, Inc. Rentals,622 So.2d 910 (Ala. 1993), this Court stated that "[t]he purchase of goods fabricated in a forum state, and of services provided by a resident corporation of a forum state, does not alone provide the requisite `minimum contacts' for exercise of personal jurisdiction within the bounds of due process." 622 So.2d at 913-14.
In support of its position that Phase III has sufficient minimum contacts to subject it to the jurisdiction of an Alabama court, Collins filed two affidavits from Barbara Tew, its "assistant vice president of program management." The first affidavit states that Collins Signs, at its place of business in Dothan, Alabama, had, "[i]n early 1996, . . . received a telephone call from a representative of Phase III . . ., requesting that Collins manufacture signage for Phase III's customer, Waffle House." Further, the affidavit states that Phase III's call to Collins was "unsolicited" and that it led to further contacts in which Phase III requested that Collins manufacture the signs at Collins's plant in Dothan, Alabama. In Tew's second affidavit, she summarized "some, but not all," of her contacts with Phase III. Tew's affidavit revealed the following 10 contacts between Phase III and Collins: (1) On March 8, 1996, Ellis telephoned Tew and requested information; (2) on March 18, 1996, Ellis telephoned Tew and discussed signage; (3) on March 20, 1996, Tew mailed Ellis the requested color renderings; (4) on March 21, 1996, Tew mailed Ellis pricing information; (5) on April 2, 1996, Tew mailed Ellis drawings of different signage; (6) on April 3, 1996, Ellis telephoned Tew and requested color renderings for a different-size sign and Tew mailed the requested information to Ellis; (7) on February 27, 1997, Ellis telephoned Tew and notified Tew that Ellis was sending drawings by facsimile transmission; Tew received the fax and subsequently received the originals by overnight delivery service; (8) on February 28, 1997, Ellis telephoned Tew to ask for pricing information and Tew faxed the requested information to Ellis; (9) on February 28, 1997, Ellis telephoned Tew and requested that Collins begin manufacturing the signage; and (10) on March 21, 1997, Ellis telephoned Tew regarding the site plan and permits and discussed the signage installation; this information was later sent to Collins, by Phase III, via fax.
Tew's second affidavit further states that, at Phase III's request, Collins shipped the signage from Dothan, Alabama, to Richmond, Virginia, for installation and that, thereafter, Collins invoiced Phase III for the work. Finally, Tew's second affidavit states that on September 9, 1997, Phase III sent Collins a partial payment in the amount of $8,132.33.
We cannot hold that the trial judge clearly abused his discretion in concluding that, because Collin's breach-of-contract action arises from Phase III's contacts with Alabama, it is fair and reasonable to require Phase III to come into Alabama and defend this action. Phase III initiated its contacts with this State solely for its own profit, availing itself of the privileges of conducting business here. While Phase III contends that it was merely referred to Alabama by the national office of the Waffle House company, it does not dispute that it did order the manufacture and installation of a Waffle House sign in order to complete its contract with Waffle House in Virginia. This is far more than the simple purchase of goods fabricated in a forum state. Phase III's activities were sufficiently systematic and continuous to support a finding of general jurisdiction. Therefore, it was fair and reasonable to invoke such jurisdiction. Ex parte United Bhd. of Carpenters,688 So.2d at 252, citing Ex Parte Newco Mfg. Co. and Atlanta Auto Auction,Inc. v. G G Auto Sales, Inc., supra.
WRIT DENIED.
ALMON, HOUSTON, KENNEDY, and COOK, JJ., concur.
MADDOX, SEE, and LYONS, JJ., concur in the result. *Page 1266