LYONS, Justice
(concurring in the result in part and dissenting in part as to 1990045 and concurring in part and concurring in the result in part as to 1990659).
As to the holdings that Borka is not subject to in personam jurisdiction in the Baldwin Circuit Court and that Shingleton is subject to that court’s personal jurisdiction, I concur in the result. ■ As to the holding- that Mclnnis is subject to in per-sonam jurisdiction in that court, I respectfully dissent. The- majority opinion improperly displaces the long-standing constitutional requirement of “minimum contacts” with a new, sliding scale based upon subjective views of the reprehensibility of the defendant’s alleged conduct.
The Due Process Clause of the Fourteenth Amendment to the United States Constitution provides: “No State shall ... deprive any person of life, liberty, or property, without due process of law.” U.S. Const. amend. XIV, § 1. The United States Supreme Court has interpreted this clause to permit a forum state to subject a nonresident defendant to a lawsuit in its courts only when that party has sufficient “minimum contacts.” International Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945). The sufficiency of a party’s contacts are assessed as follows:
“Two types of contacts can form a basis for personal jurisdiction: general contacts and specific contacts. General contacts, which give rise to general personal jurisdiction, consist of the defendant’s contacts with the forum state that are unrelated to the cause of action and that are both ‘continuous and systematic.’ Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 n. 9, 415, 104 S.Ct. 1868, 80 L.Ed.2d 404 ... (1984); [other citations omitted]. Specific contacts, which give rise to specific jurisdiction, consist of the defendant’s contacts with the forum state that are related to the cause of action. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472-75, 105 S.Ct. 2174, 85 L.Ed.2d 528 ... (1985). Although the related contacts need not be continuous and systematic, they must rise to such a level as to cause the defendant to anticipate being haled into court in the forum state. Id.”
Ex parte Phase III Constr., Inc., 723 So.2d 1263, 1266 (Ala.1998) (Lyons, J., concurring in the result). The majority opinion does not say whether Mclnnis’s contacts are sufficient to subject him to general in personam jurisdiction or to specific in per-sonam jurisdiction. However, neither is appropriate in this case.
Mclnnis served as a vice president and as chief executive officer of Snap Products, Inc., and was a stockholder in the company. In his affidavit, he states that he has been to Alabama only once, to call on an automobile parts supply company in Tuscaloosa. The supplier did not sell the Fix-A-Flat product at the time of his visit. The purpose of his visit was to convince the supplier to carry a particular line of products; that line did not include Fix-A-Flat. He was unsuccessful in this effort, and the supplier did not add any new Snap products to its stores.
Even though Mclnnis admits that he visited Alabama on behalf of Snap Products, his visit cannot be the proximate cause of the decedent’s injuries because no sale of the Fix-A-Flat product was made as a result of his visit. The majority opin *809 ion reasons that if Mclnnis had succeeded in selling this unrelated line of products, the sales would have promoted the brand name and thus would have promoted the sales of Fix-A-Flat. While this presents an interesting theoretical possibility, the majority opinion does not explain how Mclnnis’s one contact with Alabama actually contributed to the decedent’s death. This Court has held that the contacts necessary for specific in personam jurisdiction must represent “a clear, firm nexus between the acts of the defendant and the consequences complained of.” Duke v. Young, 496 So.2d 37, 39 (Ala.1986); see also Ex parte Kamilewicz, 700 So.2d 340, 345 n. 2 (Ala.1997). Because the decedent’s death did not arise from, or represent a clear, firm nexus to, Mclnnis’s one contact with Alabama, the trial court cannot obtain specific personal jurisdiction over Mclnnis. Duke, 496 So.2d at 39.
Mclnnis also did not have the “continuous and systematic” contacts necessary to subject him to general in personam jurisdiction in Alabama. Mclnnis was in Alabama one time, in an unsuccessful attempt to sell a product other than the product that killed the decedent. As both a matter of law and English such contact is not “continuous and systematic.” Contrary to the majority opinion, Mclnnis would have little reason to suspect that because of his one short, unsuccessful trip to sell a product unrelated to the one that killed the decedent, he had subjected himself to the jurisdiction of the courts of this state for any and all claims against him.
Perhaps to bolster Mclnnis’s insufficient contacts to meet the minimum necessary for in personam jurisdiction, the majority opinion also notes that Mclnnis did not deny that he formulated, manufactured, labeled, and distributed the product that killed the decedent, even after he was aware that it was actually explosive. The majority opinion then concludes that “the reprehensible extent of Mclnnis’s culpability ... increases the importance of McInnis’s contacts with Alabama enough that ‘it is fair and reasonable to require [him] to come to this state to defend an action’ ... and enough that. -‘he should reasonably [have] anticipated] being haled into court’ here.” 820 So.2d at 806, quoting Sudduth v. Howard; 646 So.2d 664, 667 (Ala.1994) (bracketed language in original). The majority opinion cites no authority for its proposition that the reprehensibility of a nonresident defendant’s conduct so “increases the importance” (820 So.2d at 806) of a defendant’s single contact with a state as to make constitutional an otherwise unconstitutional exercise of in personam jurisdiction, and I am not aware of any such authority. The majority opinion’s new sliding-scale-m persomm-jurisdiction test would mean that the more reprehensible an out-of-state defendant’s conduct is alleged to be,[1] the less actual contacts with a forum state need be shown to subject the defendant to general in personam jurisdiction. •
Moreover, the majority marshals no evidence that Mclnnis’s reprehensible conduct was targeted at Alabama. In Sudduth v. Howard, 646 So.2d 664 (Ala.1994), this Court stated its adherence to the rule of Colder v. Jones, 465 U.S. 783, 104 S.Ct. 1482, 79 L.Ed.2d 804 (1984), and held that mere untargeted negligence would not suffice to create personal jurisdiction over a company’s executives. In Brooks v. Inlow, 453 So.2d 349, 354 (Ala.1984), this Court *810 held that the circuit court did not have in personam jurisdiction over two corporate executive defendants because their actions constituted no more than “untargeted negligence.” If a corporate executive were subjected to the jurisdiction of every state where an injury occurred that was connected to a decision made by the executive, without regard to the executive’s contacts with that state, then the long-standing constitutional test of “minimum contacts” would be erased. Such executives would effectively be subject to nationwide jurisdiction for claims arising from their alleged negligence. In the absence of any evidence that Mclnnis’s allegedly “reprehensible” conduct was directed at the citizens of this state, those actions are merely untargeted negligence and cannot provide the basis for general in personam jurisdiction over Mclnnis. Should the plaintiffs allegations about Melnnis’s conduct prove to be true, I would agree with the majority’s pejorative characterization of his conduct. However, in personam jurisdiction turns on the level of contacts, not the severity of wrongdoing.
As to Shingleton, I concur in the result that he is subject to the in personam jurisdiction of the Baldwin circuit court. Shingleton’s four visits to this state did not directly result in or represent a clear, firm nexus to the decedent’s death. Duke, 496 So.2d at 39. However, his four trips to this state in three years to sell Snap products, including attempts to sell the Fix-A-Flat product, are sufficient to establish a pattern of business in this state. Thus, he may properly be subjected to the general in personam jurisdiction of the Baldwin Circuit Court.
Concerning case number 1990659, the plaintiffs petition for mandamus, I concur in part and concur in the result in part. I concur as to the holdings that the petition is moot as to defendant Shingleton and that the petition should be denied as to defendant Borka.
As to defendant Mclnnis, after reviewing the plaintiffs proffered exhibits, I would conclude that they do not constitute admissible evidence of sufficient contacts between Mclnnis and this state to support the exercise of in personam jurisdiction over him. The trial court did not abuse its discretion in excluding these exhibits for Rule 12(b)(2), Ala. R. Civ. P., purposes as to Mclnnis. Thus, I would deny the plaintiffs petition as to Mclnnis.
SEE and BROWN, JJ., concur.