The plaintiff, J.C. Duke Associates General Contractors, Inc., appeals from the trial court's dismissal of one of the defendants, Myrita West, on the grounds of lack of personal jurisdiction. We reverse and remand.
 Facts and Procedural History
On November 18, 2003, J.C. Duke sued Clements-West Construction, Inc., and Terry Clements, the president of Clements-West. J.C. Duke alleged that in operating as the general contractor renovating a high school in Mobile County, it had *Page 196 
entered into a contract with Clements-West to lay the concrete block and brick for the project. J.C. Duke claimed that it had overpaid Clements-West. The defendants filed an answer and a counterclaim. On July 19, 2004, J.C. Duke amended its complaint to add Myrita West, an officer and co-owner of Clements-West, as a defendant. J.C. Duke alleged that Terry Clements and Myrita West were brother and sister and that they had used Clements-West "as their alter ego, having set the corporation up as a subterfuge, failing to observe the corporate form, failing to comply with corporate law, failing to maintain corporate records and/or corporate bank accounts, intermingling personal and corporate funds and using them for personal purposes, and/or draining funds from the corporation." J.C. Duke alleged that Clements-West was used as a mere instrumentality or alter ego of Myrita West to gain personal profits. On December 9, 2004, Clements-West filed in the trial court a suggestion of Chapter 7 bankruptcy, notifying the trial court that it had filed a petition in bankruptcy on October 15, 2004, and that it was requesting a stay of the trial court's proceedings. The trial court granted the stay and set the stay for review in six months. On December 9, 2004, Terry Clements also filed a suggestion of Chapter 13 bankruptcy, notifying the trial court that he had filed a petition in bankruptcy on October 15, 2004, and that he was requesting a stay. The trial court granted the stay and set the stay for review in 60 months.
Myrita was served with notice and, in response, filed a motion entitled "Special Appearance Pro Se and Motion to Dismiss for Lack of Jurisdiction." The motion has an Orlando, Florida, address for Myrita. In the motion she asserted that she was not a resident of Alabama, that she had no contacts with the State of Alabama, and that she had never traveled to Alabama for any purposes related to the allegations of the complaint. Myrita stated that she was an officer of Clements-West, but that "that is insufficient for [J.C. Duke] to obtain personal jurisdiction over her, individually, in the State of Alabama." Myrita did not file any affidavits in support of her motion to dismiss.
J.C. Duke filed a response to the motion to dismiss. Attached to its response were portions of Terry Clements's deposition testimony in which Terry stated that Myrita was an officer in Clements-West. J.C. Duke also presented records from Clements-West's bankruptcy proceedings that indicated that Myrita had loaned Clements-West over $400,000 and that Clements-West sought to discharge those debts in bankruptcy. On August 16, 2006, the trial court entered an order granting Myrita's motion to dismiss and, at J.C. Duke's request, the trial court certified the order as a final judgment pursuant to Rule 54(b), Ala. R. Civ. P. J.C. Duke appeals.
 Standard of Review
A de novo standard of review applies when an appellate court reviews a trial court's judgment on a motion to dismiss for lack of in personam jurisdiction. Hiller Invs. Inc. v. InsultechGroup, Inc., 957 So.2d 1111 (Ala. 2006); Elliott v. VanKleef, 830 So.2d 726 (Ala. 2002). The plaintiff has the burden of proving that the trial court has personal jurisdiction over the defendant. Ex parte Covington Pike Dodge,Inc., 904 So.2d 226 (Ala. 2004).
 `"In considering a Rule 12(b)(2), Ala. R. Civ. P., motion to dismiss for want of personal jurisdiction, a court must consider as true the allegations of the plaintiff's complaint not controverted by the defendant's affidavits. Robinson v. Giarmarco Bill, P.C., 74 F.3d 253 (11th Cir. 1996), and Cable/Home Communication Corp. v. *Page 197 Network Productions, Inc., 902 F.2d 829 (11th Cir. 1990), and "where the plaintiff's complaint and the defendant's affidavits conflict, the . . . court must construe all reasonable inferences in favor of the plaintiff." Robinson, 74 F.3d at 255 (quoting Madam v. Hall, 916 F.2d 1510, 1514 (11th Cir. 1990)). "For purposes of this appeal [on the issue of in personam jurisdiction] the facts as alleged by the . . . plaintiff will be considered in a light most favorable to the him [or her]." Duke v. Young, 496 So.2d 37, 38 (Ala. 1986).'
"Ex parte McInnis, 820 So.2d 795, 798 (Ala. 2001)."
Ex parte Puccio, 923 So.2d 1069, 1072 (Ala. 2005). When a defendant files a motion to dismiss for lack of personal jurisdiction and supports that motion with an affidavit, the plaintiff is then required to controvert that affidavit with his or her own affidavit or other competent evidence to survive the motion to dismiss. Ex parts Duck Boo Int'l Co.,985 So.2d 900 (Ala. 2007). Even though Myrita filed no affidavit with her motion to dismiss, J.C. Duke responded to her motion with an affidavit.
 Discussion
With regard to personal jurisdiction, this Court has stated:
 "Rule 4.2(b), Ala. R. Civ. P., Alabama's `long-arm' provision, governs whether an Alabama court may exercise personal jurisdiction over an out-of-state defendant. In pertinent part, that rule states:
 "`(b) Basis for Out-of-State Service. An appropriate basis exists for service of process outside of this state upon a person or entity in any action in this state when the person or entity has such contacts with this state that the prosecution of the action against the person or entity in this state is not inconsistent with the constitution of this state or the Constitution of the United States. . . .'
"This rule extends the personal jurisdiction of Alabama courts to the limit of due process under the United States and Alabama Constitutions. When applying Rule 4.2(b), this Court has interpreted the due process guaranteed under the Alabama Constitution as coextensive with that guaranteed under the United States Constitution. See Elliott [v. Van Kleef],830 So.2d [726] at 730 [(Ala. 2004)].
"The analytical framework applicable here was thoroughly described in Elliott:
"`The Due Process Clause of the Fourteenth Amendment permits a forum state to subject a nonresident defendant to its courts only when that defendant has sufficient "minimum contacts" with the forum state. International Shoe Co. v. Washington,326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945). The critical question with regard to the nonresident defendant's contacts is whether the contacts are such that the nonresident defendant "`should reasonably anticipate being haled into court'" in the forum state. Burger King Corp. v.Rudzewicz, 471 U.S. 462, 473, 105 S.Ct. 2174,85 L.Ed.2d 528 (1985), quoting World-Wide Volkswagen Corp. v.Woodson, 444 U.S. 286, 295, 100 S.Ct. 559, 62 L.Ed.2d 490
(1980). The sufficiency of a party's contacts are assessed as follows:
 "`"Two types of contacts can form a basis for personal jurisdiction: general contacts and specific contacts. General contacts, which give rise to general personal jurisdiction, consist of the defendant's *Page 198 
contacts with the forum state that are unrelated to the cause of action and that are both `continuous and systematic' Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 n. 9, 415, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984); [citations omitted]. Specific contacts, which give rise to specific jurisdiction, consist of the defendant's contacts with the forum state that are related to the cause of action. Burger King Corp., 471 U.S. at 472-75, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985). Although the related contacts need not be continuous and systematic, they must rise to such a level as to cause the defendant to anticipate being haled into court in the forum state. Id."
 "`Ex parte Phase III Constr., Inc., 723 So.2d 1263, 1266 (Ala. 1998) (Lyons, J., concurring in the result). Furthermore, this Court has held that, for specific in personam jurisdiction, there must exist "a clear, firm nexus between the acts of the defendant and the consequences complained of." Duke v. Young, 496 So.2d 37, 39
(Ala. 1986). . . .
 "`In the case of either general in personam jurisdiction or specific in personam jurisdiction, "[t]he `substantial connection' between the defendant and the forum state necessary for a finding of minimum contacts must come about by an action of the defendant purposefully directed toward the forum State." Asahi Metal Indus. Co. v. Superior Court of California, 480 U.S. 102, 112, 107 S.Ct. 1026, 94 L.Ed.2d 92 (1987). This purposefulavailment requirement assures that a defendant will not be haled into a jurisdiction as a result of "`the unilateral activity of another person or a third person.'" Burger King, 471 U.S. at 475, 105 S.Ct. 2174, quoting Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 417, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984).
 "`Only after such minimum contacts have been established does a court then consider those contacts in the light of other factors — such as the burden on the defendant of litigating in the forum state and the forum state's interest in adjudicating the dispute, Burger King, 471 U.S. at 476-77, 105 S.Ct. 2174 — to determine whether the exercise of personal jurisdiction over the nonresident defendant comports with "`traditional notions of fair play and substantial justice.'" Brooks v. Mow, 453 So.2d 349, 351 (Ala. 1984), quoting International Shoe, 326 U.S. at 316, 66 S.Ct. 154.'
"830 So.2d at 730-31."
Hiller Investments, 957 So.2d at 1114-16 (emphasis omitted).
The threshold question presented here is whether, for the purposes of a motion to dismiss, Myrita has sufficient minimum contacts with Alabama so as to reasonably anticipate being haled into court in Alabama in an action in which J.C. Duke alleges that Clements-West, the corporation, is the alter ego of Myrita, a corporate officer. We addressed a similar issue in Exparte Puccio, supra. Ex parte Puccio involved plaintiff's who sued a nonprofit credit-counseling corporation and one of its corporate officers, John Puccio. The plaintiff's alleged that the corporation had made false representations regarding a debt-management program. They argued that the corporation acted as Puccio's alter ego to allow Puccio to avoid personal liability and to gain personal profits for himself. Puccio filed a motion to dismiss, arguing that he lacked sufficient minimum contacts with Alabama to satisfy the requirements *Page 199 
of personal jurisdiction. He argued that personal jurisdiction over him as a corporate officer could not be based on the trial court's jurisdiction over the corporation. Puccio supported his motion to dismiss with an affidavit stating that he had no financial interests in Alabama, that he had never communicated with the plaintiff's, and that he had signed an agreement between the plaintiff's and the corporation solely in his capacity as president of the corporation.
The Puccio Court noted that personal jurisdiction over an individual corporate officer could not be predicated upon jurisdiction over the corporation.[1] However, this Court held that if a corporation is the alter ego of an individual, then the court may disregard the corporate form and exercise personal jurisdiction over the individual because attributing the contacts to the individual defendant reflects the reality that although the contacts were ostensibly those of the corporation, the individual was the true actor. In his affidavit, Puccio did not address the factual allegations in the complaint addressing whether the corporation was Puccio's alter ego. Rather, Puccio stated that he was not an Alabama resident and that he did not have sufficient minimum contacts with Alabama for the trial court to exercise jurisdiction over him. "In construing the allegations in the [plaintiffs'] complaint not controverted by Puccio as true, as we are required to do for the purposes of Puccio's motion to dismiss, . . . we cannot say that the trial court erred in denying the motion." Ex parte Puccio,923 So.2d at 1076.
In the present case, Myrita argued that J.C. Duke's claims against her should be dismissed because she had no contacts with the State of Alabama; she had never traveled to Alabama for any purposes related to the transaction that is the basis of the allegations of the complaint. She also stated that she is an officer of Clements-West, but that her status as a corporate officer alone is insufficient to support personal jurisdiction. Myrita fails to deny J.C. Duke's allegations that the trial court had personal jurisdiction over her because Clements-West's contacts with Alabama were sufficient to give the trial court jurisdiction over it and Clements-West was the alter ego of Myrita and was controlled by Myrita. The allegations in the complaint were not disputed in any affidavit attached to the motion to dismiss, because Myrita did not file an affidavit. Myrita has offered no evidence to counter the allegations in J.C. Duke's complaint; thus, these uncontroverted allegations establish the trial court's personal jurisdiction. Therefore, the trial court erred in dismissing J.C. Duke's action against Myrita for lack of personal jurisdiction. Accordingly, the judgment of the trial court is reversed, and the cause is remanded for proceedings consistent with this opinion. We note that we make no judgment concerning the merits of J.C. Duke's claims against Myrita. Additionally, the issue of personal jurisdiction may be raised again by a defendant *Page 200 
who appropriately persists in challenging it in his or her answer, in a motion for a summary judgment, or at the trial on the merits, where proof by substantial evidence may be necessary to prove the plaintiff's jurisdictional allegations in the complaint. Ex parte McInnis, 820 So.2d 795 (Ala. 2001).
REVERSED AND REMANDED.
COBB, C.J., and LYONS, STUART, and MURDOCK, JJ., concur.
[1] Although personal jurisdiction over an individual corporate officer cannot be based solely on jurisdiction over the corporation, a corporate agent who personally participates, albeit in his capacity as such agent, in a tort is personally liable for the tort, and the status as an agent of the corporation does not insulate the agent personally from his jurisdictional contacts with a state. See Ex parteMcInnis, 820 So.2d 795 (Ala. 2001) (holding that two nonresident corporate officers had sufficient contacts with Alabama to support exercise of personal jurisdiction in a products-liability action arising from a fatal explosion where the corporate officers had made trips to Alabama to develop this state as a market).