SHAW, Justice,
Güdel AG (“Güdel”), one of several defendants below, petitions this Court for a writ of mandamus directing the Crenshaw Circuit Court to vacate its order denying Güdel’s motion to dismiss the personal-injury claims filed against it by Robert Rutledge (“Robert”) and Cindy Rutledge (“Cindy”) and to enter an order dismissing the Rutledges’ claims on' the basis of a lack of in personam jurisdiction. We grant the petition and issue, the writ.

Facts and Procedural History

In February 2013, Robert sued Smart Alabama, LLC (“SAL”), an automotive-parts manufacturer located in -Crenshaw County, seeking to recover worker’s compensation benefits in connection with an alleged work-related injury Robert suffered in November 2011 while in SAL’s employ.' More specifically, Robert’s complaint alleged that, while he was attempting to enter a doorway on a stamping-press unit the cable on the overhead, roll-up door to the unit broke, and Robert was hit by the door and was knocked to the floor. The door apparently came down on Robert’s leg, resulting in a crushing injury and, ultimately, an amputation.
In November 2013, Robert amended his original complaint to add a count pursuant to Alabama’s Extended Manufacturer’s Liability Doctrine as well as negligence and wantonness claims. In addition, the amended complaint added both Hyundai WIA (“Hyundai”) and Güdel, as well as several fictitiously named entities, as defendants.[1] The amended complaint alleged that Güdel, a foreign corporation headquartered in Switzerland, “designed, built, manufactured, tested and sold [the] subject machine/equipment that is the subject matter of [the Rutledges’] lawsuit.”
Güdel, in February 2014, moved, pursuant to Rule 12(b)(2), Ala. R. Civ. P., to dismiss the claims against it for lack of personal jurisdiction on grounds that Gü-del was subject to neither general nor specific jurisdiction in Alabama. See Elliott v. Van Kleef, 830 So.2d 726, 730 (Ala.2002) (“ ‘Two types of contacts can form a basis for personal jurisdiction: general contacts and specific contacts. General contacts, which give rise to general personal jurisdiction, consist of the defendant’s contacts with the forum state that are unrelated to the cause of action and that . are both “continuous and systematic.” .. Specific contacts, which give rise to specific jurisdiction, consist of the defendant’s contacts with the forum state that are related to the cause of action.’” (quoting Ex parte Phase III Constr., Inc., 723 So.2d 1263, 1266 (Ala.1998) (Lyons, J., concurring in the result))). Güdel’s motion alleged that it did not, as the Rutledges’ contended, manufacture the subject stamping-press unit. Instead, Güdel asserted that it merely “supplied to Hyundai ... a component system of the machine,” namely “a [‘Transfer Automation System,’ to serve as the] control system for the conveyor system running through the press,”[2] which was wholly designed and manufactured in Switzerland before being sold to Hyundai, a Korean entity. Güdel’s'motion was further supported by affidavit testimony-and authority aimed at establishing the limited extent of Güdel’s contacts with Alabama, including, but not- limited to, testi *151 mony indicating that it had not conducted any systematic and/or continuous business activities in Alabama; that it was not licensed to do business in Alabama; and that it had no registered agent for service of process in Alabama, Thus, Giidel contended, to be subjected to, suit in Alabama violated “traditional notions of fair play and substantial justice.” International Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S.Ct. 164, 90 L.Ed. 95 (1945). See, e.g., Frye v. Smith, 67 So.3d 882, 892 (Ala.2011) (“[T]he critical question with regard to the nonresident defendant’s contacts is whether the contacts are such that the nonresident defendant ‘ “should reasonably anticipate being haled into court” ’ in the forum state.” (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 486, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985), quoting in turn World-Wide. Volkswagen Corp. v. Woodson 444 U.S. 286, 295, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980))).
In its motion, Giidel did admit that, after shipping the conveyor system to SAL pursuant to Hyundai’s instructions, it “provided assistance to Hyundai” with respect to the installation of the conveyor system, including sending a representative to the SAL facility to assist in installation of the system and to train SAL employees with regard to its operation; however, Giidel denied participating in 'any way with the installation of the overhead door by which Robert was allegedly injured. The accompanying affidavit testimony asserted that Giidel’s automation system is in no way connected to nor does it control the operation of the cable and overhead door that Robert alleges caused his injury. Thus, Giidel contended, it both lacked the systematic and continuous contacts with Alabama that would support a finding of'general jurisdiction and, because its product indisputably did not cause Robert’s injuries, there was no basis for a finding of specific jurisdiction.
In opposition to Giidel’s motion, the Rut-ledges countered that Giidel, which both shipped parts directly, to Alabama and sent employees to install and train in the use of those parts; had minimum sufficient contacts to support personal jurisdiction in Alabama,,. given that its contacts with the State were, according to the Rutledges, directly “related- to .the action against Gii-del.” Alternatively, the Rutledges asserted that Giidel’s motion was “premature” in that additional “jurisdictional discovery” was necessary, and that, assuming that discovery “determine[d] that Giidel[’s] involvement [was] not related to [Robert’s] injuries,” the Rutledges would voluntarily dismiss Giidel as a defendant to the action. In an order, which did not include the findings on which the ruling was based, the trial, court denied Giidel’s motion to dismiss. ■ In response, Giidel filed this petition for a writ of mandamus.

Standard of Review

 “ ‘[A] petition for a writ of mandamus is the proper device by which to challenge the denial of a motion to dismiss for lack of in per-sonam jurisdiction. See Ex parte McInnis, 820 So.2d 795 (Ala.2001); Ex parte Paul Maclean Land Servs., Inc., 613 So.2d 1284, 1286 (Ala.1993). “ ‘An appellate court considers de novo a trial court’s judgment, on a party’s motion to dismiss for lack of personal jurisdiction.’ ” Ex parte Lagrone, 839 So.2d 620, 623 (Ala.2002) (quoting Elliott v. Van Kleef, 830 So.2d 726, 729 (Ala.2002)). Moreover, “[t]he plaintiff bears the burden of proving[1] the court’s personal jurisdiction.over the defendant.” Daynard v. Ness, Motley, Loadholt; Richardson & Poole, P.A., 290 F.3d 42, 50 (1st Cir.2002).’
“Ex parte Dill, Dill, Carr, Stonbraker & Hutchings, P.C., 866 So.2d 519, 525 (Ala.2003).
*152 “ ‘ “In considering a Rule 12(b)(2), Ala. R. Civ. P., motion to dismiss for want of personal jurisdiction, a court must consider as true the allegations of the plaintiffs complaint not controverted by the defendant’s affidavits, Robinson v. Giarmarco & Bill, P.C., 74 F.3d 253 (11th Cir.1996), and Cable/Home Communication Corp. v. Network Productions, Inc., 902 F.2d 829 (11th Cir.1990), and “where the plaintiffs complaint and the defendant’s affidavits conflict, the ... court must construe all reasonable inferences in favor of the plaintiff.’ Robinson, 74 F.3d at 255 (quoting Madara v. Hall, 916 F.2d 1510, 1514 (11th Cir.1990)).” ’
“Wenger Tree Serv. v. Royal Truck & Equip., Inc., 853 So.2d 888, 894 (Ala.2002) (quoting Ex parte McInnis, 820 So.2d 795, 798 (Ala.2001)). However, if the defendant makes a prima fade evi-dentiary showing that the Court has no personal jurisdiction, ‘the plaintiff is then required to substantiate the jurisdictional allegations in the complaint by affidavits or other competent proof, and he may not merely reiterate the factual allegations in the complaint.' Mercantile Capital, LP v. Federal Transtel, Inc., 193 F.Supp.2d 1243, 1247 (N.D.Ala.2002) (citing Future Tech. Today, Inc. v. OSF Healthcare Sys., 218 F.3d 1247, 1249 (11th Cir.2000)). See also Hansen v. Neumueller GmbH, 163 F.R.D. 471, 474-75 (D.Del.1995) (“When a defendant files a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(2), and supports that motion with affidavits, plaintiff is required to controvert those affidavits with his own affidavits or other competent evidence in order to survive the motion.’) (citing Time Share Vacation Club v. Atlantic Resorts, Ltd., 735 F.2d 61, 63 (3d Cir.1984)).”
Ex parte Covington Pike Dodge, Inc., 904 So.2d 226, 229-30 (Ala.2004) (emphasis added; footnote omitted).

Discussion

In its petition, Güdel argues that the trial court erred in concluding that it' had jurisdiction over Güdel. More specifically, Güdel, citing Ex parte Excelsior Financial, Inc., 42 So.3d 96 (Ala.2010), contends that the Rutledges failed to refute Güdel’s prima facie demonstration that, contrary to the allegations in the Rutledges’ complaint, Güdel does not have sufficient contacts with the State of Alabama to subject it to the jurisdiction of the trial court. We agree.
As set out in Ex parte McNeese Title, LLC, 82 So.3d 670, 673 (Ala.2011),
“[jjurisdiction over out-of-state defendants is acquired pursuant to Rule 4.2(b), Ala. R. Civ. P., which provides, in pertinent part:
“ ‘An appropriate basis exists for service of process outside of this state upon a person or entity in any action in this state when the person or entity has such contacts with this state that the prosecution of the action against the person or entity in this state is not inconsistent with the constitution of this state or the Constitution of the United States.... ’
“In other words, ‘[t]his rule extends the personal jurisdiction of Alabama courts to the limit of due process under the United States and Alabama Constitutions.’ Hiller Invs., Inc. v. Insultech Group, Inc., 957 So.2d 1111, 1115 (Ala.2006). Under this rule, the exercise of jurisdiction is appropriate so long as the out-of-state defendant has ‘ “some minimum contacts with this state [so that] ... it is fair and reasonable to require the person to come to this state to de *153 fend an action.”’ Dillon Equities v. Palmer & Cay, Inc., 501 So.2d 459, 461 (Ala.1986) (quoting former Rule 4.2(a)(2)(I), Ala. R. Civ. P.).”
This Court has also stated:
“The sufficiency of a party’s contacts are assessed as follows:
“‘“Two types of contacts can form a basis for personal jurisdiction: general contacts and specific contacts. General contacts, which give rise to general personal jurisdiction consist of the defendant’s contacts with the forum state that are unrelated to the cause of action and that are both ‘continuous and systematic.’ Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 n. 9, 415, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984); [citations omitted]. Specific contacts, which give rise to specific jurisdiction, consist of the defendant’s contacts with the forum state that are related to the cause of action. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472-75, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985). Although the related contacts need not be continuous and systematic, they must rise to such a level as to cause the defendant to anticipate being haled into court in the forum state. Id.”
“ ‘Ex parte Phase III Constr., Inc., 723 So.2d 1263, 1266 (Ala.1998) (Lyons, J., concurring in the result). Furthermore, this Court has held that, for specific in personam jurisdiction, there must exist “a clear, firm nexus between the acts of the defendant and the consequences complained of.” Duke v. Young, 496 So.2d 37, 39 (Ala.1986). See also Ex parte Kamilewicz, 700 So.2d 340, 345 n. 2 (Ala.1997).
“‘In the case of either general in personam jurisdiction or specific in personam jurisdiction, “[t]he ‘substantial connection’ between the defendant and the forum state necessary for a finding of minimum - contacts must come about by an action of the defendant purposefully directed toward the forum State.” Asahi Metal Indus. Co. v. Superior Court of California, 480 U.S. 102, 112, 107 S.Ct. 1026, 94 L.Ed.2d 92 (1987). This purposeful-availment requirement assures that a defendant will not be haled into a jurisdiction as a result of the “ ‘unilateral activity of another person or a third person.’ ” Burger King, 471 U.S. at 475, 105 S.Ct. 2174, quoting Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 417, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984).’
“In Burger King the United States Supreme Court explained:
‘“[I]t is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.
“ ‘This purposeful availment requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts, or of the unilateral activity of another party or a third person. Jurisdiction is proper, however, where the contacts proximately result from actions by the defendant himself that create a substantial connection with the forum State. Thus where the defendant deliberately has engaged in significant activities within a State, or has created continuing obligations between himself and residents of the forum, he manifestly has availed himself of the privilege of conducting business there, and because his activities are shielded by the benefits and protections of the forum’s *154 laws it is presumptively not unreasonable to require him to submit to the burdens of litigation in that forum as well.’
“471 U.S. at 475-76, 105 S.Ct. 2174 (internal quotations and citations omitted). In the words of Quill Corp. v. North Dakota, 504- U.S. 298, 307, 112 S.Ct. 1904, 119 L.Ed.2d 91 (1992), ‘if a foreign corporation purposefully avails itself of the benefits of an economic market in the forum State, it may .subject itself to the State’s in- personam jurisdiction even if it has no physical presence in the State.’”
Ex parte Georgia Farm Bufreau Mut. Auto. Ins. Co., 889 So.2d 545, 550-51 (Ala.2004).
Further,
“ ‘[i]f there are substantial contacts with the state, for example a' substantial and continuing business, and if the cause of action arises out of the business done in the state, jurisdiction will be sustained. If there are substantial contacts with the state, but the cause of action does not arise out of these contacts, jurisdiction may be sustained. But if there is a minimum of contacts,-and the cause of action arises out of the contacts, it will .normally be fair and reasonable to sustain. -jurisdiction. If there is a minimum of contacts and the cause of action does not arise out of the contacts,-there will normally be no basis of jurisdiction, since it is difficult to establish the factors necessary to meet the fair and reasonable test.’”
View-All, Inc. v. United Parcel Serv., 435 So.2d 1198, 1201 (Ala.1983) (quoting 2 J. Moore, Federal Practice ¶ 4.25, pp. 4-258 through 4-267 (2d ed.1982)) (emphasis added).
As Güdel notes in its petition, the Rut-ledges appear to concede, because the accident giving rise to the’ Rutledges’ complaint clearly did not arise from continuous and systematic' general business contacts by Güdel with Alabama, that the only potential basis for establishing personal jurisdiction over Güdel would, of necessity, have to be specific personal jurisdiction. See Ex parte Georgia Farm Bureau, 889 So.2d at 550-51. (‘““Specific contacts, which give rise to specific jurisdiction, consist of the defendant’s contacts with the forum state that are related to the cause of action.... Although the related contacts need not be continuous and systematic, they must rise to such a level as to cause the defendant to anticipate being haled into court in the forum state.” ’ ” (quoting Ex parte Phase III Constr., Inc., 723 So.2d at 1266)).
Here, the Rutledges’ complaint alleges'that Güdel designed, manufactured, and sold the stamping-press unit that, they say, caused Robert’s injuries. In their answer to Güdel’s petition, the Rutledges maintain that those facts support a “color-able claim of jurisdiction” against Güdel. Contrary to those assertions, Güdel’s evi-dentiary submissions — specifically the affidavit testimony of Kurt Haldi, “a Member of Management for Güdel” — establishes that “Güdel ... did not design, build, or manufacture the Press Machine or any part that is related to the overhead roll-up doors.” Instead, Güdel manufactured the control system for conveyors running through the stamping-press unit. The Rut-ledges fail to dispute Güdel’s contention or to substantiate the jurisdictional allegations in their complaint with their own evidentiary submissions establishing jurisdiction... In fact, the Rutledges’ sole response to Güdel’s petition for a ¡writ of mandamus • is their continued insistence that Güdel’s dismissal efforts are premature and that jurisdictional .-discovery is required. As the Rutledges argue, this Court in Ex parte Bufkin, 936 So.2d 1042 *155 (Ala.2006), embraced a permissive rule sustaining a plaintiffs right to conduct jurisdictional discovery when the plaintiff has alleged particular facts suggesting the possible existence of the requisite contacts with the forum state and when the basis for the plaintiffs claim of jurisdiction is not facially frivolous. 936 So.2d at 1048. As Bufkin notes, however, although .the standard for permitting jurisdictional discovery is “quite low,” the plaintiff requesting jurisdictional discovery “ ‘must offer the court “more than conjecture and surmise in support' of [the] jurisdictional theory,” ’ ” and a request for discovery that is predicated “ ‘ “upon ‘bare,’ ‘attenuated,’ or ‘unsupported’ assertions of personal jurisdiction” ’ ” is due to be denied. 936 So.2d at 1047 (quoting Ex parte Troncalli Chrysler Plymouth Dodge, Inc., 876 So.2d 459, 468 (Ala.2003), quoting in turn Andersen v. Sportmart, Inc., 179 F.R.D. 236, 242 (N.D.Ind.1998)). Here, the Rutledges may have, as they contend, alleged facts supporting a colorable claim of jurisdiction. Our analysis, however, does not end there — especially in circumstances where the facts purportedly establishing a color-able claim of jurisdiction were directly controverted by the evidentiary submissions subsequently offered by the defendant in support of a dismissal request.
Specifically, this Court, in Excelsior Financial, explained:
“ ‘The plaintiff has the burden of proving that the trial court has personal jurisdiction over the defendant. Ex parte Covington Pike Dodge, Inc., 904 So.2d 226 (Ala.2004).’ J.C. Duke & Assocs. Gen. Contractors, Inc. v. West, 991 So.2d 194, 196 (Ala.2008).
“ ‘ “ ‘In considering a Rule 12(b)(2), Ala. R. Civ. P., motion to dismiss for want of personal jurisdiction, a court must consider as true the allegations of the plaintiff’s complaint not controverted by the defendant’s affidavits, Robinson v. Giarmarco & Bill, P.C., 74 F.3d 253 (11th Cir.1996), and Cable/Home Communication Corp. v. Network Productions, Inc., 902 F.2d 829 (11th Cir.1990), and “where the plaintiffs complaint and the defendant’s affidavits conflict, the ... court must construe all reasonable inferences in favor of the plaintiff.” Robinson, 74 F.3d at 255 (quoting Madara v. Hall, 916 F.2d 1510, 1514 (11th Cir.1990)).’ ”
“ ‘Wenger Tree Serv. v. Royal Truck & Equip., Inc., 853 So.2d 888, 894 (Ala.2002) (quoting Ex parte McInnis, 820 So.2d 795, 798 (Ala.2001)). However, if the defendant makes a prima facie evidentiary showing that the Court has no. personal jurisdiction, “the plaintiff is then required to substantiate the jurisdictional allegations in the complaint by affidavits or other competent proof, and he may not merely reiterate the factual allegations in the complaint.” Mercantile Capital, LP v. Federal Transtel, Inc., 193 F.Supp.2d 1243, 1247 (N.D.Ala.2002) (citing Future Tech. Today, Inc. v. OSF Healthcare Sys., 218 F.3d 1247, 1249 (11th Cir.2000)). See also Hansen v. Neumueller GmbH, 163 F.R.D. 471, 474-75 (D.Del.1995) (“When a defendant files a motion to dismiss pursuant to Fed. R.Civ.P. 12(b)(2), and supports that motion with affidavits, plaintiff is required to controvert those affidavits with his own affidavits or other competent evidence in order to survive the motion,”) (citing Time Share Vacation Club v. Atlantic Resorts, Ltd., 735 F.2d 61, 63 (3d Cir.1984)).
“Ex parte Covington Pike Dodge, Inc., 904 So.2d 226, 229-30 (Ala.2004) (emphasis added; footnote omitted).”
*156 42 So.3d at 103. See also Ex parte Edgetech I.G., Inc., 159 So.3d 629, 632-33 (Ala.2014); Ex parte DBI, Inc., 23 So.3d 635, 642-43 (Ala.2009).
As was the case in Excelsior Financial, the moving defendant, namely Güdel, argues that it made a prima facie evidentiary showing that the trial court lacked both general and specific personal jurisdiction over it and that the Rutledges did not satisfy their burden of then substantiating the jurisdictional allegations of their complaint.[3] See Covington Pike Dodge, supra. The Rutledges, too, appear to concede their failure to counter Haldi’s testimony, but attribute that failure to a lack of discovery. Despite this claim, however, the Rutledges fail to explain why, in the months following the filing of Robert’s original complaint, the subsequent amendment thereto, and their response to Gü-del’s motion to dismiss,[4] they could not, at the very least, obtain an affidavit from Robert or from another SAL employee experienced with operating the subject stamping-press unit, indicating that a malfunction of Güdel’s product could have either caused or contributed to the failure of the overhead door that ultimately caused Robert’s injury. Further, the Rutledges fail to allege that they were deprived of adequate opportunity to discover evidence to support their claim that the trial court had personal jurisdiction over Güdel or even to outline what, if any, discovery efforts they have undertaken. In fact, as Güdel notes, the Rutledges fail to identify any discovery efforts undertaken by them in an effort to disprove Güdel’s claims, and they do not explain why they were unable to obtain that discovery in time to properly rebut Güdel’s motion to dismiss. See Ex parte Troncalli Chrysler Plymouth Dodge, Inc., 876 So.2d at 468 (“A request for jurisdictional discovery must offer the court ‘more than conjecture and surmise in support of [the] jurisdictional theory.’” (quoting Crist v. Republic of Turkey, 995 F.Supp. 5, 13 (D.D.C.1998))).
Here, the Rutledges’ only jurisdictional allegations are that Güdel manufactured, designed, or sold the stamping-press unit, that Güdel assisted with its installation, and that Güdel provided training with respect to its operation. Güdel has, however, successfully demonstrated by unrefuted evidence that the portion of the stamping-press unit it either manufactured, designed, or installed is in no way connected to Robert’s injuries. The Rutledges merely “speculate! ] ... that ... discovery could uncover evidence indicating that [Güdel’s limited contacts were in some way related to the door’s malfunction] despite [Güdel’s] clear evidence to the contrary.” Covington Pike Dodge, Inc., 904 So.2d at 233.
Because Güdel’s evidence disproved the factual allegations asserted in the Rutledges’ complaint that would establish specific jurisdiction and constituted a prima facie showing that no specific jurisdiction existed, the Rutledges were required to substantiate their jurisdictional allegations with affidavits or other competent evidence — which they indisputably failed to do. Covington Pike Dodge, Inc., *157 904 So.2d at 232. Further, the Rutledges’ “bare allegations” that additional discovery could possibly reveal evidence establishing personal jurisdiction are insufficient to entitle the Rutledges to further discovery on the jurisdictional issue. 904 So.2d at 233. Having determined that the Rutledges failed to rebut Güdel’s assertion that its limited contact with Alabama is wholly unrelated to the Rutledges’ claims, we conclude that it offends ‘“traditional notions of fair play and substantial justice’” to subject Güdel to personal jurisdiction. See Elliott, 830 So.2d at 731 (quoting Brooks v. Inlow, 453 So.2d 349, 351 (Ala.1984), quoting in turn International Shoe Co. v. Washington, 326 U.S. at 316).

Conclusion

In consideration of the foregoing, we hold that the trial court exceeded its discretion in determining that it possessed personal jurisdiction over Güdel. Accordingly, Güdel has established a clear legal right to the dismissal of the claims against it; therefore, we grant the petition and direct the trial court to vacate its order denying Güdel’s motion to dismiss and to dismiss the Rutledges’ claims against Gü-del.
PETITION GRANTED; WRIT ISSUED.
STUART, BOLIN, PARKER, MURDOCK, and WISE, JJ., concur.
BRYAN, J., concurs in the result.
MOORE, C.J., dissents.

. Robert’s amendment also added his wife, Cindy, as an additional named plaintiff; Cindy’s claims are based on a loss-of-consortium theory of recovery.

. According to Güdel, the Transfer Automation System is, in essence, a conveyor system, which system Güdel more particularly describes as a “3-axis servo transfer system and destacker," that is used to move sheets of metal through the press.

. Güdel’s evidentiary submissions also disprove any contention that the product, which it allegedly manufactured and placed into the "stream of commerce," was responsible for Robert’s claimed injuries. See Asahi Metal Indus. Co. v. Superior Court of California, Solano Cnty., 480 U.S. 102, 107 S.Ct. 1026, 94 L.Ed.2d 92 (1987).

. Robert’s original complaint was tiled on February 27, 2013, and amended on November 22, 2013. Güdel's motion to dismiss was filed on February 28, 2014; the Rutledges’ response thereto was filed on March 28, 2014; and the trial court’s order denying Güdel’s motion to dismiss was entered on July 18, 2014.